Commonwealth *v.* W. J. Harris and Son, Appellant.

Argued April 27, 1961.   Before Jones, C.J., Bell, Musmanno, Jones, Cohen, Bok and Eagen, JJ.

*M. J. DeSisti,* with him *Edward C. O'Connor,* for appellant.

*Elmer T. Bolla,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellee.

Opinion by Mr. Chief Justice Jones, May 22, 1961:

On February 23, 1960, Stanley J. Harris, trading as W. J. Harris and Son, received notice from the Secretary of Revenue of the withdrawal of his certificate of appointment as the operator of an official inspection station under the provisions of The Vehicle Code.   The notice stated that Harris' privilege to inspect motor vehicles in Pennsylvania was suspended for six months and that the reason for the suspension was "Violation of Section 819, sub-section 'F' of the Motor Vehicle Code."   Harris appealed the suspension to the court

below which, on his contemporaneous application, entered a supersedeas to the suspension order.

Harris petitioned for a bill of particulars which the court refused. A de novo hearing on the suspension was then held by the court below at which the Commonwealth proved that, on two separate occasions, an employee of the Harris garage issued and attached a certificate of inspection to an unsafe automobile in violation of Section 819(f) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §819(f). The defendant presented no testimony. Thereafter the court dismissed the appeal and reinstated the order of the Secretary of Revenue suspending the defendant's certificate of appointment. The defendant has appealed from the action of the court below, assigning error therein in three particulars.

First, the appellant contends that his petition for a bill of particulars should have been granted. However, even if that be so, no reversible error was committed thereby because the defendant was not harmed. In his petition to the court below for an appeal and supersedeas, he alleged facts showing that he was sufficiently apprised of the violation upon which the suspension of his certificate of appointment was based. Moreover, he was represented by counsel at the hearing who did not plead surprise at the introduction of the Commonwealth's evidence. Nor did he ask for a continuance for time to prepare a defense.

Second, the appellant argues that the decision of the court below was in error because the Commonwealth did not show that the wrongful acts of Harris' employee were done with the employer's authorization, knowledge or consent. Section 819(b) of The Vehicle Code provides, "If the secretary finds that the provisions of this act are not being complied with, or that the business of an official inspection station in connection with the . . . inspection of motor vehicles . . . is being improper-

ly conducted, he shall suspend the certificate of appointment of any such station . . . *Provided, however, That if the servant or employee of any such inspection station shall without the authorization, knowledge or consent of his employer, violate any of the provisions of this act in reference to the inspection of vehicles, such violation or violations shall not be the cause of the suspension of the certificate of appointment . . ."* (Emphasis supplied)

Authorization to make official inspections of motor vehicles in Pennsylvania is a privilege and not a right. Section 819(b) of The Vehicle Code is an important and necessary limitation upon such privilege, designed, as it is, to protect against loss of life and injury on the highway. Once a violation of the safety provisions of the Code has taken place, the Secretary of Revenue has not only the power but the duty to suspend the certificate of appointment. The above italicized proviso, relied upon by the appellant, is an exception to the general authority of the Secretary. However, once a violation has been proven by the Commonwealth, the burden is upon the defendant to bring himself within the scope of this exception. This, the defendant in the instant case did not do. He failed to assume his obvious burden in the circumstances and offered no testimony at all.

Our decision on this point renders moot the appellant's third assignment of error, which need not therefore be discussed.

Order affirmed.

Mr. Justice BENJAMIN R. JONES concurs in the result.