## Rice Appeal

*P. Richard Klein,* for appellant.

*C. Barry Buckley,* for Commonwealth.

KURTZ, JR., J., September 20, 1967.—Appellant in this case, one to whom a certificate of appointment as an official inspection station for the periodic inspection of automobiles for safety had been issued by the Secretary of Revenue of this Commonwealth pursuant to the provisions of The Vehicle Code of April 29, 1959, P. L. 58, sec. 819, as amended by the Act of July 14, 1961, P. L. 616, sec. 1, 75 PS §819 (a), would now have us set aside the order of the secretary, suspending that certificate upon a finding by him that a faulty inspection had been made at appellant's establishment in violation of the provisions of the code. Pursuant to the authority contained in the amendment to the Code of August 8, 1963, P. L. 581, sec. 1, 75 PS §819 (b), we have taken testimony and have examined into the facts of the case to determine whether appellant is subject to suspension. We have reluctantly concluded that he is not.

The appropriate provision of the later act cited above provides as follows:

"(b) If the secretary finds that the provisions of this act are not being complied with, or that the business of an official inspection station in connection with

the . . . inspection of motor vehicles, . . . is being improperly conducted, he shall suspend the certificate of appointment of any such station . . . *Provided, however, That if the servant or employe of any such inspection station shall without the authorization, knowledge or consent of his employer, violate any of the provisions of this act in reference to the inspection of vehicles, such violation or violations shall not be the cause of the suspension of the certificate of appointment* . . . " (Italics supplied.)

In Commonwealth v. W. J. Harris and Son, 403 Pa. 598 (1961), it was held that once it is shown that a violation of the safety provisions of the code has taken place, the secretary has the duty to suspend the certificate of appointment and that the burden is then upon defendant to bring himself within the scope of the exception.

In the instant case, there is no denial that a violation of the safety provisions of the code has been shown. Indeed, appellant could not successfully claim otherwise, since a reexamination of the automobile in question by State Policemen some three days after it had been inspected originally and approved at appellant's establishment, during which time it had traveled only 56 miles, demonstrated that there was no windshield wiper blade on the driver's side of the windshield; that sharp edges were exposed on the left rear fender; that the muffler had rusted out; that the tail pipe of the exhaust system was fastened to the body of the car by wire (the bracket normally employed for that function was missing) ; that the brakes didn't work; that there was a leak in the cylinder located at the left front wheel which permitted all of the fluid in the hydraulic braking system to escape and thus accounted for the absence of braking power; that the left turn signal was inoperable and that the left rear backup light did not work because the elec-

trical wire connecting that light to the general lighting system had been severed.

In our view, appellant has brought himself within the exception. He testified, and the official inspection records kept at his establishment pursuant to the regulations of the Department of Revenue confirmed his testimony, that the particular inspection now found to have been faulty was performed by one Manning, an employe of the establishment at that time, and that appellant himself had neither authorized, had knowledge of, nor consented to that which his employe had done in this instance. In addition, it was shown that Manning had thereafter appeared before our court of quarter sessions and had entered a plea of guilty to a charge of having made the faulty inspection upon which plea a sentence of fine had been imposed.

It was also testified by the State Police officer in charge of the surveillance of official inspection stations in this area that at the time he made this faulty inspection Manning had been licensed or authorized to act as an inspector by the State. We have searched the code without success in an effort to discover the statutory authority under which such licensing is undertaken. Inquiry of the State Police off the record has not been any more successful. However that may be, it would appear to be the fact that both appellant and Manning acted under the impression or belief that valid State authorization had been bestowed upon him. This impression on the part of appellant may be some justification, at least, for his lack of supervision over the work which his employe performed.

Other Courts of Common Pleas of the Commonwealth, when acting in circumstances such as those in which we are now sitting, have come to the same conclusion. See Bucks County Motors, Inc. Appeal, 3 D. & C. 2d 474 (1955); In re Scattergood, 8 D. & C. 2d 528 (1956); and In re Kirsch, 24 Cambria 8 (1960). The

authors of the opinions in the cases just cited have made no comment upon the wisdom of the proviso or loophole in the code which permits such a shoddy inspection as this record discloses and then prohibits the imposition of responsibility upon the one holding the official certificate of appointment. Perhaps it is not within our province to make comment upon it, but we cannot help but observe in this day of emphasis in the field of traffic safety that the legislation now before us runs counter to that emphasis and, by so doing, encourages inattention and lack of supervision on the part of the certificate holder while the traveling public runs the risk of loss of life and injury.

ORDER

And now, September 20, 1967, the order of the Secretary of Revenue of this Commonwealth dated March 29, 1967, suspending the certificate of authorization of Rice's Mobil Station, Route 100 and Boot Road, West Chester, Pa., for a period of six months, is hereby reversed. The secretary is directed to reinstate appellant's certificate.