## Commonwealth v. Beck

*Frederick S. Wolf,* of Beaver, Wolf & Harlan, for appellant.

*John L. Heaton,* Assistant Attorney General, for Commonwealth.

GATES, P.J., January 2, 1975.—On May 1, 1974, petitioner was notified by the Director of Traffic Safety, Department of Transportation of the Commonwealth of Pennsylvania, that his certificate of appointment to inspect motor vehicles was suspended for a period of six months for violating section 819(e) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §819, by performing a faulty inspection.

Petitioner appealed to us and we scheduled a hearing and ordered that the appeal was to operate as a supersedeas pending the outcome of the hearing.

We held a de novo hearing on July 10, 1974. There-

after, the parties submitted the matter to us on written briefs.

Unquestionably, the Commonwealth proved that Ernest Beck, brother of Norman Beck, issued a certificate of inspection and approval to the owner of an unsafe automobile in violation of The Vehicle Code. On this point the law is clear. Once the Commonwealth has proven a violation, the burden shifts to the employer to establish that he is, nonetheless, exempt from a suspension order: Commonwealth v. W. J. Harris & Son, 403 Pa. 598 (1961).

Section 819(b) of The Vehicle Code provides:

"If the secretary finds that the provisions of this act are not being complied with, or that the business of an official inspection station in connection with the . . . inspection of motor vehicles . . . is being improperly conducted, he shall suspend the certificate of appointment of any such station . . . Provided, however, That if the servant or employe of any such inspection station shall without authorization, knowledge or consent of his employer, violate any of the provisions of this act in reference to the inspection of vehicles, such violation or violations shall not be the cause of the suspension of the certificate of appointment."

The certificates of appointment issued by the Commonwealth lists Norman F. Beck and Ernest Beck as partners. Consequently, knowledge of a faulty inspection performed by either partner is imputable to the other partner and outside the scope of exception. Further, one partner is not the employe of the other partner.

However, Norman Beck testified that the partnership was dissolved prior to the faulty inspection and that Ernest was no longer his partner but his employe.

Section 819(a) of The Vehicle Code authorizes the Secretary of Revenue, now the Secretary of the Department of Transportation, to designate, furnish instruc-

tions to and to supervise official inspection stations. The designation is evidenced by a certificate of appointment which is not assignable and is valid only for the owners in whose name or names it is issued. Any changes in the listed ownership is governed by section 3.1B of the Official Inspection Station Regulations. The regulation provides that, whenever a partnership is dissolved or sold, all inspections must come to a stop at once and the Secretary notified of the change. If, in fact, the partnership here between Norman and Ernest Beck was dissolved, a fact which we do not find, the failure to notify the secretary of this fact is itself sufficient justification for the suspension. The secret dissolution of a partnership under these circumstances must be established with more convincing proof than was presented at the hearing. We find that petitioner failed to sustain the burden of proving that the partnership was dissolved and, consequently, the suspension was legal and proper.

ORDER

And now, to wit, January 2, 1975, the appeal is dismissed and the Director of the Bureau of Traffic Safety shall reinstate the suspension order.