Commonwealth of Pennsylvania *v.* Donald L. Marini. Donald L. Marini, Appellant.

Argued May 7, 1976, before President Judge BowMAN and Judges MENCER and ROGERS, sitting as a panel of three.

*Dennis S. Shilobod,* with him *Messer & Shilobod,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, June 17, 1976:

Donald L. Marini (appellant), doing business as Rustop, Inc., appeals to this Court from an order of the Court of Common Pleas of Westmoreland County which dismissed appellant's appeal from a one-year suspension of appellant's certificate of appointment to operate an official motor vehicle inspection station.

Appellant was charged with violations of Section 819(f) of The Vehicle Code[1] (Code), based on uncontested evidence that appellant's employee, one James Alexander, Jr., on three occasions, placed inspection stickers on automobiles which should not have passed inspection. Appellant seeks to exonerate himself by relying on the proviso in Section 819(b) of the Code which reads in part: ''(b) If the secretary finds that the provisions of this act are not being complied with, or that the business of an official inspection station in connection with the corrections, adjustments, repairs or inspection of motor vehicles, trailers or semitrailers is being improperly conducted, he shall suspend the certificate of appointment of any such station and require the immediate surrender and return of the certificate of appointment, together with all department forms: *Provided, however, That if the servant or employe of any such inspection station shall without the authorization, knowledge or consent of his*

---

[1] Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §819.

*employer, violate any of the provisions of this act in reference to the inspection of vehicles, such violation or violations shall not be the cause of the suspension of the certificate of appointment, as herein provided, but such employe shall be subject to prosecution as hereinafter provided.''* (Emphasis added.)

In *Commonwealth v. W. J. Harris and Son,* 403 Pa. 598, 170 A.2d 591 (1961), our Supreme Court held that the burden is on the employer to establish the facts bringing him within the exception in the proviso. The lower court in the case at bar found that ''the owner [appellant] could not have helped but know that these faulty and non-inspections were taking place.'' The court of common pleas is the factfinder in de novo appeals such as this one. Therefore, our scope of review is limited to determining whether the lower court based its findings of fact[2] on substantial evidence or committed an error of law. *Commonwealth v. Kobaly,* 22 Pa. Commonwealth Ct. 46, 347 A.2d 759 (1975).

Although the testimony on the issue of appellant's knowledge of his employee's actions was conflicting, the court did not choose to believe the employee's attempt to exculpate his former employer. We cannot disturb the lower court's judgments as to the credibility of witnesses; therefore, we must agree that appellant has failed to meet his burden.

Appellant also contends that violations of the Code are criminal in nature, requiring proof by the Commonwealth of all elements beyond a reasonable doubt. It is obvious, however, that the suspension of a certificate of appointment is civil in nature. *Common-*

---

[2] The statements in the lower court's opinion in this case do not meet our general requirements for findings of fact and conclusions of law. *See Commonwealth v. Verna,* 23 Pa. Commonwealth Ct. 260, 351 A.2d 694 (1976). However, in view of the lower court's unequivocal statement on the key issue here, we are not forced to remand.

*wealth v. Daugherty,* 9 Pa. Commonwealth Ct. 94, 305 A.2d 731 (1973). Appellant's contention in this regard is therefore without merit.

Order affirmed.

Judge KRAMER did not participate in the decision in this case.