Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety *v.* Joseph Stafford, Appellant.
Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety *v.* William J. Palo, Appellant.

Argued October 7, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Stanley A. Uhr*, with him *James D. Rosen, Walter Lazaroff*, and *Pechner, Dorfman, Wolffe & Rounick*, for appellants.

*John L. Heaton*, Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, January 12, 1977:

Joseph Stafford and William J. Palo bring separate appeals to this Court from an order of the Court of Common Pleas of Philadelphia County which upheld one-year suspensions of Stafford's Certificate of Appointment to operate a motor vehicle inspection

station and of Palo's Certification as an Official Inspection Mechanic. These appeals relate to the same incident and have been consolidated before this Court.

After a hearing *de novo* on the Bureau of Traffic Safety's suspension orders, the lower court issued a memorandum opinion concluding that Stafford and Palo had violated Section 819(f) of The Vehicle Code[1] (Code) which then provided, in part:

> (f) It shall be unlawful for any person to furnish, give or sell to any owner or operator of a motor vehicle, trailer or semi-trailer, or to any other person, or to place in or on any such vehicle a certificate of inspection and approval, unless an official inspection of its mechanism and equipment shall have been made, and the vehicle conforms with the provisions of this act. It shall be unlawful for any such designated official inspection station to furnish, loan, give or sell a certificate or certificates of inspection and approval to any other such designated official inspection station or any other persons, except those entitled to receive them under the provisions of this act.

In cases in which the court of common pleas is the fact-finder, our scope of review is limited to a determination of whether or not the court based its findings of fact on substantial evidence or committed an error of law. *Pennsylvania Department of Transportation, Bureau of Traffic Safety v. Kobaly,* 22 Pa. Commonwealth Ct. 46, 347 A.2d 759 (1975). Although the court below failed to make specific findings and conclusions of law, as we have directed should be done in vehicle inspection cases, *Pennsylvania Department*

---

[1] Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §819(f). The violations here occurred prior to the enactment of the new Vehicle Code, Act of June 17, 1976, P.L.      , No. 81.

*of Transportation, Bureau of Traffic Safety v. Verna,*
23 Pa. Commonwealth Ct. 260, 351 A.2d 694 (1976),
its opinion includes statements which constitute find-
ings and we do not believe, therefore, that it is neces-
sary here to remand. *See Commonwealth v. Marini,*
25 Pa. Commonwealth Ct. 207, 360 A.2d 263 (1976).

The charges of unlawfully furnishing motor vehi-
cle inspection stickers arose from a State Police in-
vestigation which revealed that Herbert Watson, Gen-
eral Manager of Stafford's Auto Body, Inc., had af-
fixed inspection certificates to three automobiles al-
though he was not certified to do so. Watson admitted
that without authorization from the owner, Joseph
Stafford, or from the only certified mechanic, William
Palo, he had taken the stickers and had instructed the
secretary-bookkeeper to record their use on the offi-
cial TS431 report form using Palo's initials. After
Stafford was informed of this activity by the State
Police, both Watson and the secretary-bookkeeper
were dismissed.

Palo contends that he should not be held responsi-
ble for the unauthorized use of his initials and that
the record contains no evidence to sustain a finding
that he had illegally furnished certificates of inspec-
tion. The court below, however, accurately stated that
''Palo admitted to a course of conduct in which he
delegated to other persons the duty to record all in-
formation on the TS431 form'' and properly conclud-
ed that by routinely permitting the secretary-book-
keeper to place his initials on the form Palo had vio-
lated Department of Transportation Regulations[2] and,

---

[2] Section 5.17 of the Department of Transportation, Bureau of
Traffic Safety Regulations (Regulations), 3 Pa. B. 2866, reads:

> A. *It is important to note that fraudulent recording of
> inspection report sheets is caused [sic] for immediate sus-
> pension of inspection privileges.*

further, that such actions constituted ''improper and unlawful inspections in violation of Section 819(f).''[3] Palo's admitted failure to record all inspection information personally undoubtedly facilitated the unauthorized use of inspection stickers and reduced the chance that such use would be immediately discovered. We believe, therefore, that Palo's suspension here was proper.

Stafford argues that his Certificate of Appointment cannot be suspended for violations of the Code committed by his employes without his knowledge and cites the exculpatory language of Section 819(b) of the Code, 75 P.S. §819(b):

> Provided, however, That if the servant or employe of any such inspection station shall without the authorization, knowledge or consent of his employer, violate any of the provisions of this act in reference to the inspection of vehicles, such violation or violations shall not be the cause of the suspension of the certificate of appointment, as herein provided, but such

---

1. The inspection mechanic must record the correct information on the proper report form and place of [sic] signature in the appropriate column.

[3] Although we agree with the appellant that Section 819(f) specifically prohibits the furnishing of stickers without a proper inspection and does not, on its face, prohibit a mechanic from delegating the duty of recording information, we are unable to point to any other section of the Code which prohibits procedures which violate the Department's Regulations. Section 819(b) directs the secretary to suspend a *certificate of appointment* if "the business of an official inspection station . . . is being improperly conducted," but it does not refer to suspensions of certifications as official inspection mechanics. Nevertheless, we believe that when an inspection mechanic deviates from procedures mandated by the Regulations he has not performed an "official inspection" and thereby violates Section 819(f) in issuing a certificate. *See Commonwealth v. Harshaw,* 28 D. & C. 2d 212 (1962).

employe shall be subject to prosecution as hereinafter provided.

A violation of Section 819(f) of the Code has been admitted and, therefore, the employer bears the burden of bringing himself within this exception. *Commonwealth v. W. J. Harris and Son,* 403 Pa. 598, 170 A.2d 591 (1961). The lower court determined that Stafford failed to meet this burden and found that he "knew or should have known" that a violation of the Code had occurred. Under Section 10.1(G) of the Regulations,[4] responsibility for inspection sticker security ultimately rests with the owner:

G. Inspection stickers must be kept under lock and key in a safe place. The station owner and/or operator is solely responsible for their safety and must be able to account for all stickers issued to their station.

It can be inferred, therefore, that Stafford, the owner-operator of the inspection station, failed to supervise the use of the company's allotment of stickers as he was required to do and that had he done so he would have known about their unauthorized use. Although the record contains no evidence on which the lower court could base a finding that he actually "knew" of the illegal activities, we believe that the court could properly conclude that Stafford "should have known" that Watson had unlawfully issued stickers. Furthermore, we are unpersuaded that Section 819(b) permits an owner-operator to escape liability for an act of his own general manager, particularly where the manager could not have stolen the inspection stickers without being discovered if the proprietor had conformed to the Regulations. The lower court made findings substantiated by the evidence, and we will not disturb its conclusions of law based on those findings.

---

[4] 3 Pa. B. 2874.

Under the circumstances; we believe that the suspension of Stafford's Certificate of Appointment and of Palo's Certification as an Official Inspection Mechanic were justified, and we affirm.

ORDER

AND Now, this 12th day of January, 1977, the suspension of Joseph Stafford's Certificate of Appointment and William Palo's Certification as an Official Inspection Mechanic are affirmed. The supersedeas orders of December 10, 1975 are herewith dissolved, and Joseph Stafford and William Palo are ordered to surrender the aforementioned certificates to the Department of Transportation, as ordered by the Director of the Bureau of Traffic Safety, for a period of one year.