Walker Pontiac, Inc. and Charles E. Walker, Jr., Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued May 4, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*D. Michael Fisher,* with him *C. Francis Fisher,* and *Fisher & McGinley,* for appellants.

*John Kennedy,* Deputy Attorney General, with him *John L. Heaton,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 18, 1978:

This is an appeal by Charles E. Walker, Appellant, trading as Walker Pontiac, Inc., from the order of the court of common pleas which affirmed the three-month suspension by the Department of Transportation (PennDOT) of his privileges under a Certificate of Appointment of Official Inspection Station. We affirm.

Pursuant to an investigation by a Pennsylvania State Police Trooper in September, 1976, PennDOT charged Appellant with (1) failure to punch inspection stickers with his official inspection station number immediately upon receipt; (2) failure to display a commercial vehicle lighting chart; and (3) improper record keeping. Appellant requested a departmental hearing but was unable to attend due to illness, and the hearing proceeded *ex parte.* On December 17, 1976, PennDOT suspended his Certificate of Appointment for three months under the provisions of Sections 819 and 834 of The Vehicle Code (Code), Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §§819, 834.[1]  Appellant appealed to the court of common

---

[1] Since repealed by the Act of June 17, 1976, 75 Pa. C.S. §101 et seq.

pleas, which affirmed PennDOT's decision after holding a hearing *de novo*, at which Appellant and one of his employees appeared and testified. He then brought the case here.[2]

Appellant contends that the lower court erred in dismissing his appeal because (1) there was no competent evidence to support a dismissal; (2) because the offense of improper record keeping (the violation which the court found substantiated the dismissal) was not a safety violation; and (3) because the licensee did not authorize or know of his employee's record keeping errors. We find no merit in any of the contentions.

Our review of lower court adjudications in inspection certificate suspension cases is limited to a determination of whether there has been an error of law or whether the findings of the lower court can be supported by competent evidence. Generally, the trial court's order will not be disturbed absent a showing of manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Cormas*, 32 Pa. Commonwealth Ct. 1, 377 A.2d 1048 (1977). We have reviewed the record and find competent evidence to support the suspension in the testimony of the investigating trooper.

Nor did the court err in basing its affirmance solely upon its finding of improper record keeping. Section 819(b) of the Code permitted the Secretary of Transportation to suspend a certificate if he found "that the business of an official inspection station in connection with the corrections, adjustments, repairs or inspection of motor vehicles . . . is being improperly conducted," and did not limit his power to suspend to cases involving conduct constituting a direct

---

[2] Appellant has already served ten days' suspension during the periods when he was awaiting reinstatement prior to the granting of supersedeas orders pending appeals to the court below and to us.

threat to traffic safety. We hold that improper record keeping is a species of improper conduct of inspection station business which the Secretary is empowered to punish.

Furthermore, the court did not abuse its discretion in ruling that Appellant had not brought himself within the proviso of Section 819(b) and case law interpreting it which protects licensees from suspension due to violations committed by employees without the licensee's authorization, knowledge or consent. Although Appellant denied any knowledge of improper record keeping, the trooper's testimony indicates that he had been given repeated warnings regarding prior defects in the record keeping which had been discovered in prior investigations, and therefore had reason to know of the illegal conduct. Constructive knowledge of this nature is sufficient to charge the violation to the licensee and prevent him from successfully resorting to the defense contained in the proviso. *Department of Transportation, Bureau of Traffic Safety v. Stafford,* 28 Pa. Commonwealth Ct. 157, 367 A.2d 816 (1977).

Finally, we reject Appellant's contention that the suspension was improper because it followed an *ex parte* hearing and that the court should have remanded the case to PennDOT for further proceedings. Any procedural defect in the hearing examiner's failure to provide Appellant an opportunity to be heard was cured when he availed himself of his right to, and did in fact participate in a *de novo* judicial review. *Commonwealth v. Grindlinger,* 7 Pa. Commonwealth Ct. 347, 300 A.2d 95 (1973).

Accordingly, we

ORDER

AND Now, this 18th day of September, 1978, the order of the Court of Common Pleas of Allegheny

County dated February 4, 1977, dismissing the appeal of Walker Pontiac, Inc. and Charles E. Walker, Jr., is hereby affirmed and the three-month suspension of Certificate of Appointment of Official Inspection Station No. 6879 is reinstated with credit to be allowed for the ten days already served on said suspension.