Alvin R. Kinley, Appellant *v.* Commonwealth of
Pennsylvania, Appellee.

Argued September 14, 1979, before Judges MEN-
CER, BLATT and MacPHAIL, sitting as a panel of three.

*Charles J. Tague, Jr.,* and *Hager and Roesgen,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Michael R. Deckman,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE MACPHAIL, November 20, 1979:

This is an appeal from an opinion and order of the Court of Common Pleas of Lycoming County, Civil Division, in which the Honorable THOMAS C. RAUP dismissed Alvin Kinley's (Appellant) appeal from the order of the Department of Transportation, Bureau of Traffic Safety (Department) suspending for one year the certificate of appointment as an official inspection station issued to Appellant's service station and his certification as an official inspection mechanic.

On March 7, 1977 and March 14, 1977, one Gerald J. Leck took his 1953 G.M.C. truck to be inspected at two different inspection stations, both of which rejected the vehicle. On March 14, 1977, after the second rejection, the vehicle was taken to Appellant's garage where Appellant inspected it and issued an inspection sticker. On April 22, 1977, an official inspection supervisor of the Pennsylvania State Police inspected the subject vehicle and found some of the same defects which accounted for the two rejections in March. The trooper removed the inspection sticker issued by the Appellant and issued a citation to Appellant. On April 23, 1977, the subject vehicle was again inspected and approved, this being the fourth official inspection station involved with the vehicle. The inspecting mechanic, from that station, testified that the items which were mentioned in the rejections had been recently repaired and that the vehicle "just passed." Finally, on

October 18, 1977, the Department issued the order previously mentioned alleging violation of Section 819(f) of the Vehicle Code (Code),[1] Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §819(f), repealed by the Act of June 17, 1976, P.L. 162.

In the instant appeal, Appellant argues that there was insufficient proof of any violation of the Vehicle Code to warrant a suspension and that the trial judge should have recused himself when it became known that another judge in the same court had found the Appellant guilty of a criminal offense arising from the same factual situation.[2]

In the de novo hearing before the trial judge, the transcript of the summary criminal proceeding was made a part of the record by agreement of counsel because some of the witnesses summoned by the Appellant had not appeared. Additional testimony was received by the trial court. From the entire record, it appears that Appellant and his witnesses testified that the defects found in the two intial inspections were not present when he inspected the vehicle. It also appears, from the record, that the truck's owner testified that he corrected the defects on March 14 before he took his vehicle to Appellant's inspection station. The trial judge, as the fact-finder, rejected that testimony and found the testimony of the Department's witnesses to be credible. "In cases in which the court of common pleas is the fact-finder, our scope of review is limited to a determination of whether or not the court based

---

[1] The violation alleged here occurred before the enactment of the new Vehicle Code, in which a similar provision can be found at 75 Pa. C.S. §4727(b).

[2] In his initial brief to us, Appellant also argued that the Department had no authority under Sections 819 and 834 of the Code to suspend Appellant's certificate of appointment as an inspection mechanic. In his supplemental brief, Appellant has withdrawn that issue from our consideration.

its findings of fact on substantial evidence or committed an error of law." *Department of Transportation, Bureau of Traffic Safety v. Stafford,* 28, Pa. Commonwealth Ct. 157, 159, 367 A.2d 816, 817 (1977). Appellant argues strenuously that the results of the trooper's examination of the vehicle 39 days after it had been approved for inspection must be rejected because the conditions he discovered could have occurred during that interval of time. The argument might be plausible if the conditions he discovered were not substantially *identical* to those identified in the March rejection inspections. We have no difficulty whatsoever in concluding that the trial court's findings were based upon substantial evidence.

The only error of law raised in this appeal is the refusal of the trial judge to recuse himself after counsel for the Department stated that the Appellant had been convicted of a summary offense arising out of the same circumstances.[3] It must be carefully observed that Appellant did not object to the reference to the criminal proceeding for any reason other than it would prejudice the trial judge in the de novo hearing. In addressing Appellant's motion for recusal the trial judge stated, "I don't see how the mere fact of my knowledge of the judge's determination, based upon the evidence produced there, which is less than will be presented here, should require recusing myself." In *Commonwealth v. Kane,* 199 Pa. Superior Ct. 89, 91, 184 A.2d 405, 406 (1962) our Superior Court stated on the matter of recusal,

> If the court feels it can hear and dispose of the case fairly and without prejudice, its decision will be final. . . . When a judge's disqualification is charged, the party must produce evidence

---

[3] There are two judges in Lycoming County. The criminal action had been heard by President Judge GREEVY.

378

tending to show bias, prejudice, or unfairness. (Citation omitted.)

Appellant has presented no evidence whatsoever tending to show bias, prejudice or unfairness on the part of the trial judge and we find none either in his opinion or his conduct at the hearing.

Accordingly, order affirmed.

ORDER

AND Now, this 20th day of November, 1979, the order of the Court of Common Pleas of Lycoming County dated May 1, 1978, is affirmed.