413 A.2d 375

COMMONWEALTH of Pennsylvania

v.

WALKER PONTIAC, INC. and Charles E. Walker, Jr., Appellants.

Supreme Court of Pennsylvania.

Argued Sept. 17, 1979.

Decided Dec. 27, 1979.

Reargument Denied April 29, 1980.

D. Michael Fisher, Pittsburgh, for appellants.

Harold H. Cramer, Asst. Atty. Gen., Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## ORDER

PER CURIAM.

■ The Court being equally divided, the order of the Commonwealth Court affirming the order of the Court of Common Pleas of Allegheny County is affirmed.

MANDERINO, J., did not participate in the decision of this case.

NIX, J., filed an Opinion in Support of Affirmance in which EAGEN, C. J., and ROBERTS, J., joined.

LARSEN, J., filed and adopted an Opinion in Support of Reversal written by MANDERINO, J., prior to his death, in which O'BRIEN and FLAHERTY, JJ., joined.

## OPINION IN SUPPORT OF AFFIRMANCE

NIX, Justice.

This is an appeal from the order of the Court of Common Pleas affirming the three-month suspension by the Department of Transportation of appellant's privilege to operate an Official Inspection Station. The Commonwealth Court affirmed the suspension, 37 Pa.Cmwlth. 614, 391 A.2d 53 (1978), and we granted allocatur.

The Court of Common Pleas and the Commonwealth Court both found, as matters of law and fact, that appellant

had failed to bring himself[1] within the meaning of the proviso to § 819(b) of the Motor Vehicle Code of 1959, Act of April 29, 1959, P.L. 58, § 819(b), *as amended*, 75 P.S. § 819(b) (1977–78 pocket part).[2] This section states in pertinent part:

(b) If the secretary finds that the provisions of this act are not being complied with, or that the business of an official inspection station in connection with the corrections, adjustments, repairs or inspection of motor vehicles, trailers or semi-trailers is being improperly conducted, he shall suspend the certificate of appointment of any such station and require the immediate surrender and return of the certificate of appointment, together with all department forms: Provided, however, That if the servant or employe of any such inspection station shall without the authorization, knowledge or consent of his employer, violate any of the provisions of this act in reference to the inspection of vehicles, such violation or violations shall not be the cause of the suspension of the certificate of appointment, as herein provided, but such employe shall be subject to prosecution as hereinafter provided. . . .

In reviewing a decision of a court of common pleas suspending a certificate of appointment to operate a motor vehicle inspection station, the appellate court can determine only whether findings of the lower court were supported by substantial evidence, or whether any error of law committed; questions of credibility are solely within the province of the trial court. *Commonwealth v. Marini*, 25 Pa.Cmwlth. 207, 209, 360 A.2d 863 (1976); *Commonwealth v. Verna*, 23 Pa.Cmwlth. 260, 351 A.2d 694 (1976). The record supports the findings of the trial court that appellant had a long and continual history of failing to keep proper records. He was

1. Neither the Opinion in Support of Reversal nor appellant takes issue with out settled rule that once the Commonwealth has established a prima facie case, the burden is on the dealer-employer to show that he is within the proviso to § 819(b). *Commonwealth v. Harris*, 403 Pa. 598, 170 A.2d 591 (1961).

2. The Motor Vehicle Code of 1959 was repealed by the Act of June 17, 1976, 75 Pa.C.S.A. §§ 101 et seq. Former § 819(b) was reenacted without the proviso and is now found at 75 Pa.C.S.A. § 4724.

served with a cease and desist letter for improper record keeping in January, 1972. In July, 1972, an oral warning was administered by a state trooper for the same offense. A warning for this offense was given to appellant at a department hearing in May, 1973. In February, 1976, appellant was again found to have kept improper records. The trial court also found as facts the following:

Mr. Walker had no personal knowledge of the error in the records but should have been aware after warnings and a cease and desist letter of the problem. . . .

\* \* \* \* \* \*

The record is clear that on many occasions the licensee [appellant] was warned or given a cease and desist letter by the bureau by reason of sloppy record keeping and that at the time of this violation he was on the probation for another offense. He should have been vigilant to ensure proper record keeping.

In discussing this issue, the Commonwealth Court stated:

Although Appellant denied any knowledge of improper record keeping, the trooper's testimony indicates that he had been given repeated warnings regarding prior defects in the record keeping which had been discovered in prior investigations, and therefore had reason to know of the illegal conduct. Constructive knowledge of this nature is sufficient to charge the violation to the licensee and prevent him from successfully resorting to the defense contained in the proviso. *Department of Transportation, Bureau of Traffic Safety v. Stafford*, 28 Pa.Cmwlth. 157, 367 A.2d 816 (1977).

*Walker Pontiac, Inc. v. Commonwealth*, 37 Pa.Cmwlth. 614, 617, 391 A.2d 53 (1978).

■ The position taken by the Opinion in Support of Reversal totally fails to accord the proper appellate deference to the trial court. The trial court and the Commonwealth Court both found that the long history of the Commonwealth's complaints concerning appellant's sloppy record keeping was sufficient to put appellant on notice that he was required to better supervise and control his record

keeping. By failing to so exercise proper care, he became liable to the present charge of inadequate record keeping and the attendant suspension.

■ The interpretation of the section advocated by appellant would allow the owner of an inspection station to repeatedly escape all liability and regulation simply by virtue of his own gross negligence. This result is absurd and impairs the Commonwealth's program for the inspection of motor vehicles for the safety of its citizens.

I would therefore affirm the order of the Court of Common Pleas of Allegheny County.

EAGEN, C. J., and ROBERTS, J., join in this opinion.

## OPINION IN SUPPORT OF REVERSAL

LARSEN, Justice.

We adopt the late Mr. Justice Manderino's opinion which will now be our opinion in support of reversal:

The Department of Transportation suspended for a three-month period the certificate of appointment as an official inspection station of appellant, Charles Walker, Jr., conducting business as Walker Pontiac, Inc. The violations cited as the basis for the suspensions were failure to punch stickers with inspection station number immediately upon receipt from the state, failure to display lighting chart, and improper record keeping. After a hearing *de novo*, the Court of Common Pleas agreed with the imposition of the suspension and the Commonwealth Court subsequently affirmed this decision. This Court then granted appellant's petition for allowance of appeal and this appeal followed.

There is no dispute that the failure to punch the stickers and the failure to display a lighting chart do not provide a basis for the suspension imposed. Both the trial court and the Commonwealth Court noted this conclusion which is not challenged by the Commonwealth in this appeal. The order of suspension, therefore, can only be upheld, if the charge of improper record keeping is sustained.

The error in record keeping occurred when one of the mechanics in the employ of appellant misnumbered the list of vehicles inspected. The next proper entry would have been "321" but the mechanic entered "381." This incorrect sequence was then carried throughout the records and during a subsequent audit, it appeared that 60 more inspections were conducted than had in fact been made. During this same audit, appellee found that there was a price missing from one of appellant's repair orders. After the auditor showed appellant the discrepancies in the number of inspections listed with the number actually conducted and the missing price on the repair order, appellant corrected the errors and the records were in proper order when the auditor returned two weeks later. Appellant conducted approximately 1200 inspections during the period for which he was audited.

Appellant contends that his inspection license was improperly suspended since the violations were made without the authorization, knowledge or consent of the employer. We agree.

Under Section 819(b) of the Vehicle Code of 1959, which was the applicable law at the time of appellant's suspension, the secretary of the Department of Transportation may suspend a certificate of appointment if the provisions of the Vehicle Code are violated provided that if the servant or employee of the inspection station violates the statute "without the authorization, knowledge or consent of his employer," such violation shall not be the cause of the suspension. 75 P.S. § 819(b).

There is no doubt that these errors were made by an employee without appellant's authorization, knowledge or consent. The trial court found, however, that appellant should have known of the error in the records. Appellant had been previously warned concerning improper records and some four and one-half years prior to the incident, a cease and desist letter had been issued to him concerning his prior record keeping. While such warnings would serve to put appellant on notice as to the manner in which his records

were being kept, they cannot be said to be dispositive of the issue of appellant's knowledge concerning this precise error. The error committed by mistaking "2" for an "8" and misnumbering consecutive inspections is not the type of error one normally associated with a charge of improper records keeping. Even the auditor was not able to spot the cause of the discrepancy during his initial investigation. Appellant testified that he had placed a supervisor in charge of the mechanics responsible for the inspection and appellant also personally oversaw the record keeping. Appellant specifically testified that he did not have actual knowledge of the error prior to the audit. There was no evidence to the contrary.

In *Commonwealth v. Harris,* 403 Pa. 598, 170 A.2d 591 (1961) this Court held that an employer has the burden of bringing himself within the exception of Section 819(b). The *Harris* case involved a suspension for the issuance of inspection stickers to unsafe automobiles and we held appellant did not assume his obvious burden of proving no knowledge when he failed to offer any testimony. Appellant in the case before us himself testified and presented testimony from his supervising mechanic that appellant neither knew nor could have known of the technical errors in the records. The technical nature of these violations does not lend itself to discovery by those in authority. Nor are we persuaded that as a matter of law appellant should have known of those specific errors because of his prior warnings concerning record keeping. There have been no allegations at any time that the errors were fraudulent nor indeed any more than mere inadvertence. The auditor testified the errors were mistakes.

Moreover, we note that the statutory language requires "knowledge." There is no basis in the provision for imposing a "should have known" standard unless the trial court's use of the phrase was intended to indicate the existence of evidence from which a fact finder could *infer* the requisite knowledge. Even in this sense, however, the conclusion is not warranted. All of the evidence indicated a lack of

knowledge on the part of appellant. There was no evidence from which knowledge could have been inferred.

Accordingly, the orders of the Court of Common Pleas and the Commonwealth Court dismissing appellant's appeal should be reversed and the order of the Department of Transportation imposing a three-month suspension should be reversed.

O'BRIEN and FLAHERTY, JJ., join in this opinion.