## Commonwealth v. Don Yenko Porsche-Audi

*Gordon F. Harrington,* for appellant.
*John J. Kennedy, Jr., Deputy Attorney General,* for Commonwealth.

RODGERS, *J.*, June 30, 1980—This is an appeal by Don Yenko Porsche-Audi, of Canonsburg, Pa., from the order of suspension issued by the Director of the Bureau of Traffic Safety of the Department of Transportation of the Commonwealth of Pennsylvania, suspending appellant's certificate of appointment to inspect motor vehicles "for a period of six (6) months for violation of Section 4731 of the Vehicle Code for fraudulent record keeping (records poorly kept, stickers missing and unaccounted for)."

For reasons hereinafter stated, the appeal is sustained and the suspension set aside.

On or about October 1, 1979 Yenko was notified by the Director of the Bureau of Traffic Safety that a report of September 14, 1979, received from the Pennsylvania State Police, indicated Yenko was charged with "improper record keeping (records poorly kept, stickers missing and unaccounted for). . . ."

After administrative hearing, Yenko's certificate of appointment was suspended for "a period of six (6) months for violation of Section 4731 of the Vehicle Code, for fraudulent record keeping (records poorly kept, stickers missing and unaccounted for)."

At the hearing de novo before this court, the Commonwealth presented evidence that Yenko's copy (TS-431) for the first cycle of 1979 showed 220 inspections, but its work records showed 270 actually performed, and that for the last cycle of 1978, 251 inspections were shown on Yenko's copy of the official form, and the work records showed 241 inspections actually performed. These were errors caused by one mechanic incorrectly interpreting the numbers written in by the prior mechanic.

The Commonwealth also showed that in the last cycle of 1978 one sticker, P48 . . . 912 was not shown on the TS-431 form. Yenko submitted work records showing this sticker had been affixed by the then service manager who was qualified to perform inspections for a vehicle of Dennis Lehman, but the service manager had failed to note the inspection on the official form.

In addition, the Commonwealth showed that Yenko's mechanics had erred in showing that five stickers had been affixed to ten different vehicles, thus causing the official form TS-431 to fail to account for five stickers actually and properly affixed to five other vehicles.

While other charges were included in the letter of October 1, 1979, the suspension was for fraudulent record keeping, which the bureau equated with records poorly kept, stickers missing and unaccounted for.

While the investigating state police officer, who was the inspection station supervisor and auditor, admitted that he found no fraud and no intent to falsify, nevertheless he stated it was the policy of the Commonwealth to equate fraudulent record keeping with improper record keeping, and that the Commonwealth had concluded the petitioner was guilty of fraudulent record keeping, thus justifying the six month suspension.

This court must decide only whether Yenko has committed the violation for which the sanction was imposed: Com. v. Cormas, 32 Pa. Commonwealth Ct. 1, 4, 377 A. 2d 1048, 1050 (1977). The six month suspension has been imposed for fraudulent record keeping (Com. Exh. 2). To be sure, in the initial letter (Com. Exh. 1), the charge was "improper record keeping". Section 4731 of the Vehicle Code, 75

Pa.C.S.A. §4731, says this: "A record shall be made of every inspection and every certificate issued and the record shall be forwarded to the department in the manner and at the time the department shall specify by regulation. An official inspection station and its records shall be open for inspection by any police officer or authorized department employee." The Department of Transportation has implemented the Vehicle Code by regulations found at 67 Pa. Code, Chapters 471-490. Section 490.1 of Chapter 490 reads, in part, as follows:

*"§490.1 Cause for suspension.

"The complete operation of an official inspection station is the responsibility of the owner. Failure to comply with the appropriate provisions of the Vehicle Code or department regulations shall be considered sufficient cause for suspension of all inspection privileges. In addition thereto, violators are also subject to criminal prosecution. . . .

"(1)  Duration of Suspension

• • •

| Type of Violation | 1st Offense | 2nd Offense | 3rd and Subsequent Offense |
|---|---|---|---|
| ... | | | |
| Fraudulent record keeping | 6 months | 1 year | 3 years |
| ... | | | |
| Careless record keeping | Warning | 3 months | 1 year |

"(2)  Second and subsequent violations as listed above are determined on the basis of previous offenses of the same nature within a three year period."

---

*Now amended, 10 Pa.B. 3225 (March 2, 1980), and 10 Pa.B. 3920 (September 17, 1980).

It is apparent that the Department of Transportation, by its regulations duly enacted under section 4731 of the Vehicle Code, has distinguished a charge of fraudulent record keeping from careless record keeping. Duly authorized regulations have the force of law: Com. v. Locust Point Quarries, Inc., 27 Pa. Commonwealth Ct. 270, 275, 367 A. 2d 392, 394 (1976). See, also, Crary Home v. DeFrees, 16 Pa. Commonwealth Ct. 181, 329 A. 2d 874 (1974).

Words shall be construed according to rules of grammar and according to their common and approved usage: 1 Pa.C.S.A. §1903(a). Fraudulent record keeping necessarily involves an intent to deceive, an intent obviously absent where the charge is mere neglect or inattention.

Laws and regulations should be construed, when possible, to give effect to all of their provisions: Com. v. Locust Point Quarries, Inc., supra, at 394. Statutes and regulations in pari materia shall be construed together and the particular controls the general: 1 Pa.C.S.A. §§1932, 1933.

The attempt by the Department of Transportation to equate fraudulent record keeping with improper record keeping strikes from its regulations the charge of careless record keeping. The omission of the proviso to section 819(b) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §819(b), from section 4724 of the present Vehicle Code, 75 Pa.C.S.A. §4724, does not have the effect of equating fraud with negligence. Cf. Walker Pontiac, Inc. v. Com., 37 Pa. Commonwealth Ct. 614, 413 A. 2d 375 (1978).

The belated claim by the Commonwealth that the finding of fraudulent record keeping was based on a previous warning that the petitioner had "failed to utilize required tools when inspecting motor vehi-

26

cles. All tools extremely dirty and cluttered over the entire garage," by letter of March 8, 1977 is not a prior offense of the same nature as required by section 490.1(2). Even if the alleged prior offense had been for careless record keeping, a second offense of careless record keeping does not support a charge of fraud.

Elementary due process requires the Commonwealth to specify initially whether the charge is careless record keeping or fraudulent record keeping, and whether the Commonwealth is claiming that the inspection station has committed a prior offense of the same nature within a three year period. To allow the Commonwealth to determine in its sole discretion whether the petitioner's action was fraudulent or careless under the rubric "improper record keeping" would be arbitrary and capricious.

The court finds that the Commonwealth failed to prove that appellant was guilty of fraudulent record keeping, the alleged violation for which the sanction was imposed.

### ORDER

And now, June 30, 1980, the appeal of Don Yenko Porsche-Audi is sustained and the suspension by the Bureau of Traffic of the Department of Transportation of the Commonwealth of Pennsylvania is set aside.