Paul J. Kennedy, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued May 7, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Ralph C. Warman, Warman & Warman,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, and *Wayne H. Port, Buck, Margolis, Mahoney and George,* for appellee.

OPINION BY JUDGE MACPHAIL, July 9, 1980:

The Court of Common Pleas of Fayette County, after a trial de novo, affirmed the action of the Pennsylvania Department of Transportation (DOT), taken June 26, 1978, which suspended the Certificate of Appointment as a Motor Vehicle Inspection Station held by Paul J. Kennedy (Appellant). An appeal was filed to this Court. We affirm.

This case arises from an inspection performed on May 2, 1978 by Bernard E. Springer, a certified inspection mechanic employed by the Appellant. The subject of this inspection, a 1972 Chevrolet coupe, was seen by a State Police Garage Inspector on May 8, 1978 and numerous defects, which should have been corrected prior to issuance of an inspection sticker, were noted. On May 15, 1978, DOT conducted a hearing, which Appellant attended, to determine whether the faulty inspection had occurred and whether the license of the mechanic and Appellant's certificate should be suspended. On June 26, 1978, DOT suspended Appellant's Certificate of Appointment and removed the Certificate from Appellant's garage.[1] The Appellant obtained a supersedeas on June 30, 1978 from the lower court and a de novo hearing was held on August 4, 1978.

Three issues are presented for our review: 1) whether the findings of the lower court are supported by substantial evidence; 2) whether the Appellant was deprived of due process prior to suspension of his Certificate; and 3) whether the suspension of Appellant's Certificate was contrary to the intent of the new Vehicle Code, 75 Pa. C.S. §4701 et seq.

Appellant argues that DOT failed to sustain its burden to prove that the inspection conducted on May 2, 1978 was faulty. Appellant contends that the defects could have been caused during the six days that elapsed between the inspection by Mr.

---

[1] Section 4724 of the Vehicle Code provides in pertinent part as follows:

The department . . . shall suspend the certificate of appointment issued to a station which it finds is not properly equipped or conducted or which has violated or failed to comply with any of the provisions of this chapter or regulations adopted by the department.

Springer and the inspection by the State Garage Inspector.

Our scope of review in this case is limited to a determination of whether the lower court has committed an error of law or whether the findings of the lower court are based on substantial evidence. *Department of Transportation, Bureau of Traffic Safety v. Stafford*, 28 Pa. Commonwealth Ct. 157, 367 A.2d 816 (1977).

In the instant case, the State Police Garage Inspector, who testified as an expert witness, noted defects in the car inspected on May 2, 1978 including a leaking brake cylinder, a worn tie rod, lights out of adjustment, and a non-functioning odometer. He further testified that Mr. Springer had admitted failing to road test the vehicle as is required by regulation. Finally, he noted that in his opinion the defects had resulted from rather long term wear and could not have occurred in only six days.

The only evidence offered in rebuttal was the testimony of Mr. Springer, who stated that he did not remember the car in question, but assumes he followed acceptable procedure. He further averred that he road tested the vehicle.

The lower court clearly resolved the credibility issue in favor of the garage inspector. It is well settled that matters of credibility are for the fact finder. *Kinley v. Commonwealth*, 47 Pa. Commonwealth Ct. 374, 408 A.2d 209 (1979). The testimony of the state inspector supports suspension of Appellant's Certificate and we find no lack of substantial evidence in this record.

Appellant argues next that due process requires a meaningful notice and hearing prior to suspension of a Certificate. Appellant defines meaningful notice

as such notice as would enable a reasonable person to comprehend the nature of the proceedings.

In the instant case, Appellant received notice of the Departmental hearing by phone. He claims that he had no idea of the nature of this hearing. Appellant attended the hearing, which was held on May 15, 1978.

Appellant has cited no requirement that notice of Departmental hearings be given in writing. The record shows that he did in fact receive notice and that he knew the hearing involved the inspection that had occurred on May 2, 1978. While it may have been wiser for DOT to have given notice of the hearing in writing, we cannot say as a matter of law that the notice given constituted deprivation of due process.

The United States Supreme Court has often discussed what the requirements of due process are in the related area of suspension of a driver's license. Basically, the function of a hearing prior to suspension of such a license, where prompt post suspension relief is available, is to provide a reasonably reliable basis on which to conclude that the facts are, indeed, as alleged by the government official and do, therefore, support adverse action. *Mackey v. Montrym,* 99 S.Ct. 2612 (1979). Since prompt post-suspension relief was available to the Appellant,[2] we can see no merit in his allegation that he was deprived of due process.

Further, even if the notice given by DOT had been defective, such a procedural defect may be seen as

---

[2] Appellant's brief alleges that his certificate was suspended for a period of three weeks, however, the record shows that the suspension occurred on June 26, 1978 and the supersedeas was granted on June 30, 1978. There is nothing in the record to indicate a three week suspension.

cured by the de novo judicial proceeding. *Walker Pontiac, Inc. v. Department of Transportation,* 37 Pa. Commonwealth Ct. 614, 391 A.2d 53 (1978).

Appellant's final argument is a novel, if incorrect, approach to statutory construction.

Section 819(b) of The Vehicle Code of 1959[3] provides that suspension of a Certificate of Appointment, based on actions of an employee, was subject to the exception that

> if the servant or employe of any such inspection station shall without the authorization, knowledge or consent of his employer, violate any of the provisions of this act in reference to the inspection of vehicles, such violation or violations shall not be the cause of the suspension of the certificate of appointment, as herein provided, but such employe shall be subject to prosecution as hereinafter provided.

This exception is not present in Section 4724 of the present Vehicle Code, 75 Pa. C.S. §4724.

Further, the present Vehicle Code provides for the licensing of inspection mechanics. 75 Pa. C.S. §4726.

Appellant argues that, because the Legislature deleted the exception of Section 819(b) while providing for licensing of inspection mechanics, the obvious intent is to hold the mechanic responsible and absolve the employer. Appellant asserts that the licensing of mechanics provides DOT with more control of inspection mechanics.

Appellant's argument first of all ignores that inspection mechanics were liable for prosecution under the former Vehicle Code for faulty inspections.

---

[3] Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §819(b), repealed by the Act of June 17, 1976, P.L. 162.

Second, Appellant's argument is answered by Judge MENCER's reasoning in *Department of Transportation v. Searer*, 50 Pa. Commonwealth Ct. 468, 413 A.2d 1157 (1980) as follows:

> Since the Code does not contain the exception set forth in Section 819(b) of the previous vehicle code its elimination must be presumed to eliminate the opportunity for a holder of a certificate of appointment to bring himself within an exception to the general authority of the Bureau. The elimination of this exception places inspection station certificate holders in a position of being responsible for the actions of their employees committed in the scope of their employment.

*Id.* at 472, 413 A.2d at 1159.

Appellant's attempt to preserve the exculpatory principle of Section 819(b) must fail.

### ORDER

AND Now, this 9th day of July, 1980, the order of the Court of Common Pleas of Fayette County, dated August 11, 1978, is affirmed.