Gilbert R. Stainbrook, Jr., Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued December 12, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*D. Stephen Ferito,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellee.

Opinion by Judge Rogers, February 12, 1981:

The appellant, Gilbert R. Stainbrook, Jr. (hereinafter sometimes referred to as "father"), is the holder of a certificate of appointment for an official inspection station, Gil Stainbrook's Auto Repair. In 1974 the appellant's son, Gilbert R. Stainbrook, III (hereinafter referred to as "son"), a certified inspection mechanic, performed two faulty inspections. On June 27, 1975 the father's certificate of appointment was suspended by the Department of Transportation, Bureau of Traffic Safety (Department), for three years without reappointment privileges for, *inter alia*, permitting a mechanic to perform faulty inspections. Sections 819(e) and (h) and 834 of the Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §§819(e) and (h), 834. The 1959 Vehicle Code was repealed by the Act of June 17, 1976, P.L. 162 and supplanted by the new Vehicle Code at 75 Pa. C. S. §101 *et seq.* Inspection station provisions of the new Code are at 75 Pa. C. S. §4721 *et seq.*

The father appealed the suspension to the Court of Common Pleas of Washington County. After a hearing on November 7, 1975, the Honorable George K. Hanna dismissed the appeal and this action was appealed to this court. Judge Hanna retired without filing an opinion and we remanded the matter to the court below for a hearing *de novo*. The Honorable John F. Bell conducted a hearing on December 20, 1976 and dismissed the appeal. This appeal followed.

The appellant argues that his case comes within a provision of Section 819(b) of the Old Vehicle Code (not in the new Code) that faulty inspections made by an employee without the knowledge, authorization or consent of the employer, may not be the occasion for a suspension. Under this provision, the employer had the burden of showing lack of knowledge, authorization or consent. *Commonwealth v. Marini*, 25 Pa. Commonwealth Ct. 207, 360 A.2d 263 (1976).

The father asserted that he had no knowledge of and did not authorize or consent to faulty inspections. At the November 7, 1975 hearing before Judge HAN-NA, he testified that he had no knowledge of and did not authorize or consent to any violations. At the December 20, 1976 hearing Judge BELL and the Commonwealth's and the appellant's lawyers, before any evidence was recieved, engaged in an extensive colloquy concerning how much of the record earlier made could be the subject of stipulation. It was agreed that faulty inspections by the appellant's son could be stipulated. However, the factual issue of whether the father had knowledge of or authorized or consented to the faulty inspection was expressly not stipulated and was left for Judge BELL'S determination. At the hearing which then ensued the appellant, whether through oversight or for some other reason, adduced no evidence on the subject of his lack of knowledge, authorization or consent to the faulty inspection. Judge BELL dismissed the appeal because the appellant "did not offer any testimony or evidence as to lack of authorization, knowledge or consent."

The notes of testimony of the hearing before Judge HANNA were sent with the record to this court. The appellant contends that Judge BELL was wrong in asserting that there was no evidence produced of lack of knowledge, authorization or consent because he testified to such at the hearing before Judge HANNA. We disagree. The hearing before Judge BELL was, on our direction, to be de novo. The notes of testimony of the December 7, 1975 hearing were not offered into evidence at the November 20, 1976 hearing and only the fact of the son's faulty inspections was stipulated.

The appellant's contention that he was denied due process because Judge BELL's findings were based on a determination of the credibility of witnesses at the first hearing, whom he never observed testify, is factually

(as well as legally) without merit. Judge BELL's findings were based only on the stipulation of faulty inspections and the record made at the hearing he conducted.

Order affirmed.

ORDER

AND Now, this 12th day of February, 1981, we affirm the order of the Court of Common Pleas of Washington County and order the reinstatement of the Department's suspension of Gil Stainbrook's Auto Repair certificate of appointment.