Benedict E. Szot, Jr. and Louis Szot, individually and trading as Ben's Auto Repair, Appellants *v.* Commonwealth of Pennsylvania, Appellee.

409

Submitted on briefs December 15, 1982, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Michael C. Schutzbank, Silverstein and Kaufman,* for appellants.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BLATT, March 4, 1983:

Benedict E. Szot, Jr. and Louis Szot, individually and trading as Ben's Auto Repair (appellants) appeal an order of the Court of Common Pleas of Philadelphia County which, after consideration of evidence presented at a de novo hearing, upheld an action of the

Department of Transportation insofar as it suspended Louis' certification as an official inspection mechanic for one year for fraudulent record keeping, and Benedict's certificate of appointment to inspect motor vehicles and his certificate as an official inspection mechanic for six months for improper record keeping. Additionally, the trial court found that Benedict had performed faulty inspections in violation of Section 4726 of the Vehicle Code, 75 Pa. C. S. §4726, and it imposed an additional suspension of three months on his aforementioned certificates which was to run consecutively to his six-month suspension.

Our scope of review in this matter is limited to a determination of whether or not the trial court has committed an error of law or the necessary findings were supported by substantial evidence. *Kennedy v. Department of Transportation,* 52 Pa. Commonwealth Ct. 619, 416 A.2d 614 (1980).

After carefully reviewing the record in this matter, we find ample support for the trial court's findings. State Police Trooper Lawrence Jackson testified that he observed a 1963 oil tanker truck in a deteriorated[1]

---

[1] Trooper Jackson testified as follows:

What I observed was the front window in the vehicle was broken in two places; both side windows were broken; the right running board was rusted . . . right running board rusted through; both front tires were bald, had no tread whatsoever; both sides of the vehicle had numerous holes rusted through, rusted completely, measured the smallest and that was an inch and a half.

The right door had no handles for the door, or window; the left door had no inside door handle; and also had a large rock in the front of the vehicle to hold the brake in place.

This officer then visited station 8655, and spoke with Mr. Louis Szot who stated that the vehicle was properly inspected by his brother, Benedict Szot, and he put the sticker on, but did not see the vehicle inspected but knew it was.

state which nevertheless had a current inspection registration sticker on it. He then visited the appellants' station, which had issued the sticker and Louis Szot admitted that, although the vehicle had been inspected by Benedict Szot and not by him, he had put the sticker on the vehicle and had signed and completed a TS-431 form even though he had not witnessed the inspection. This procedure clearly is not in conformity with 67 Pa. Code §175.202(b) and was properly a basis for the suspension of the certification of Louis Szot under Section 4726(b) of the Vehicle Code.

As to Benedict Szot, we believe that the aforementioned transaction indicates that he also engaged in improper record keeping procedures as set forth in the 67 Pa. Code §175.202(b). Thus, the six-month suspension of his certificates as an official inspection mechanic and of his appointment to inspect motor vehicles was also allowable under Sections 4724[2] and 4726 of the Vehicle Code.

Concerning the trial court's additional suspension of Benedict Szot's certificates for an additional three months, Trooper Jackson testified that there were some 15 rust holes on the aforementioned truck, which had been inspected by Benedict, the smallest of which was an inch and a half wide, and that they could not have occurred in the time that had elapsed between the inspection and his first observation of the vehicle. *See Cariola v. Department of Transportation,* 66 Pa. Commonwealth Ct. 360, 444 A.2d 827 (1982). Under 67 Pa. Code §175.133, a vehicle shall be rejected by the inspector "if torn metal, glass or other loose or dislocated parts protrude from the surface of the vehicle . . . [or] rust spots are completely through the metal, larger

And I told him that it was impossible to get the vehicle on the lift, it was an oil tanker, and he then stated they put it on a jack.

[2] 75 Pa. C. S. §4724.

than ¾ inches.'' Obviously, the trial court could have correctly concluded that Benedict had conducted a faulty inspection.

We will therefore affirm the order of the trial court.

ORDER

AND Now, this 4th day of March, 1983, the order of the Court of Common Pleas for Philadelphia County in the above-captioned matter is hereby affirmed.