Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* John Kobaly, Appellee.

Argued October 31, 1975, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *John L. Heaton,* Assistant Attorney General, *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Richard H. Albert,* with him *Redlich, Cassol, Redlich & Morocco,* and *DeCello, Bua & Manifesto,* for appellee.

OPINION BY JUDGE WILKINSON, November 21, 1975:

On June 7, 1974, appellee, holder of Official Inspection Station number 2121, was notified by the Director of the Bureau of Traffic Safety that his Pennsylvania Certificate of Appointment to inspect motor vehicles had been suspended, effective that date, under authority of Sections 819 and 834 of The Vehicle Code, Act of April 29, 1959, P. L. 58, *as amended,* 75 P. S. §§819, 834, for performing a faulty inspection and maintaining fraudulent records.

The suspension was for a period of one year. On June 10, 1974, appellee filed an appeal to the Court of Common Pleas of Westmoreland County and inspection privileges were restored by a supersedeas.

At the hearing held April 14, 1975, the only witness was a state trooper who testified concerning a 1952 Chevrolet pick-up truck, owned by Ronald H. Rose and displaying a sticker indicating that it had been inspected by appellee on February 17, 1974. The truck had been stopped on March 6, 1974, by the trooper who, after observing rust holes in the vehicle, took it to a nearby station for reinspection. Several defects were discovered, including broken glass, rust holes, and "no" emergency brakes. The trooper attempted to testify as to the length of time which would be required for such defects to occur; however, the court sustained objections to this testimony on the grounds that the witness was not an expert qualified to give his opinion in this area.

Additionally, the Commonwealth offered what purported to be a temporary registration certificate showing Ronald Rose did not buy the truck in question until March 4, 1974. If accepted, this would have indicated an error in the inspection sticker which showed the truck to have been owned by Rose on the inspection date of February 17, 1974. However, the court below limited the use of the unauthorized document "[i]n that [it] does not represent the actual T-plate registration, but does represent a piece of paper which the officer found or obtained from a garage." The court concluded that the Commonwealth failed to prove by competent evidence that Mr. Rose obtained a temporary plate on March 4, 1974.

As both parties agree, in inspection station suspension cases, the courts of common pleas are required to conduct a hearing de novo, making findings of fact and conclusions of law independent of the Secretary of Transportation. Any party aggrieved by a decision of a com-

mon pleas court has a right of appeal to this Court. Section 819(b) of The Vehicle Code, 75 P. S. §819(b).

Appellant contends the court below abused its discretion and committed an error of law in sustaining appellee's appeal. Our review is limited to a determination of whether the findings of the court below are supported by competent evidence and whether any error of law was made. *See Campbell v. Bureau of Traffic Safety,* 16 Pa. Commonwealth Ct. 9, 329 A.2d 867 (1974).

The Common Pleas Court was not convinced that the violations found on March 6, 1974, existed on the inspection date. The court also rejected the Commonwealth's allegation that appellee maintained fraudulent records. On a review of the record we must affirm. However, it is a very close case. Had the officer gone into more detail in his description of the various defects, it might have been developed that the defects were the sort on which, by training and experience, he was entitled to express an opinion as to how long it would have taken such defects to develop. Also, had the person who kept the records been called to identify the paper showing the date of transfer as being a business record, a fraudulent record charge might have been established. We are not unmindful of the difficulty confronting those who present these important cases in the courts of common pleas, especially when the licensee declines to testify. Nor are we unmindful of the importance to those using the public highways that vehicle inspections be conducted in strict accordance with the law. Nevertheless, on this record, we cannot find that the lower court abused its discretion.

Affirmed.