Anthony Acavino, Jr., t/a Federal Auto Service v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety. Anthony Acavino, Jr., Appellant.

Argued October 7, 1976, before President Judge Bowman and Judges Crumlish, Jr. and Wilkinson, Jr., sitting as a panel of three.

*Edward J. Ross,* with him *Zarwin, Baum, Arangio & Somerson,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Crumlish, Jr., December 23, 1976:

This is an appeal from an order of the Court of Common Pleas reinstating an order of the Secretary of Transportation suspending the inspection station privileges of Anthony Acavino, t/a Federal Auto Service (Appellant).

On May 1, 1975, Joseph Raggio drove a 1959 Ford pick-up truck owned by Claire Ballone to Appellant's shop to have the vehicle inspected. It passed inspection and received a current sticker. On May 7, 1975,

Trooper David Motko made an inspection of the parked vehicle. As indicated by his testimony in the court below, Trooper Motko discovered "cancered out" areas in the body of the truck including a hole in the right rear which "entered into the inside of the vehicle." Following the Trooper's disclosure on September 15, 1975, Appellant was notified by the Director of the Bureau of Traffic Safety that his Certificate of Appointment to inspect motor vehicles in Pennsylvania was suspended for a one-year period, pursuant to Sections 819 and 834 of The Vehicle Code (Code), Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. §§819 and 834.

Appellant filed an appeal in the Court of Common Pleas and by supersedeas inspection privileges were restored. The court found a violation of Section 819 (f) of the Code and dismissed the appeal.

Appellant contends that the lower court abused its discretion. The scope of review in a case involving the suspension of an inspection certificate is limited to a determination of whether the lower court's findings are supported by competent evidence and whether any error of law was made. *Commonwealth of Pennsylvania, Department of Transportation v. Kobaly*, 22 Pa. Commonwealth Ct. 46, 347 A.2d 759 (1975). The lower court stated "the testimony presented by the Commonwealth which this Court found credible indicated that there was a 'cancered out' hole which entered the inside of the vehicle. The body had been rusted away and on the left door there was a rust spot."

On a review of the record, we must affirm. A reasonable inference from competent testimony clearly supports the court's finding of " 'cancered out' areas which appeared to have been developing for some time." Photographs taken on May 8, 1975, were produced at the hearing showing a large hole entering

into the body of the vehicle. Considering the size of the hole as it existed on May 8, we cannot say that the court below erred when it inferred that the hole existed on May 1. We, therefore, affirm that court's determination that Appellant placed an inspection sticker on the vehicle in a condition prohibited by Chapter 5.9 and 5.9(a) of the Rules and Regulations pertaining to Public Inspection Stations, 3 Pa. B.2859, and Section 819(f) of the Code.

Affirmed.

## ORDER

AND Now, this 23rd day of December, 1976, the decision and order of the Court of Common Pleas of Philadelphia County is hereby affirmed.