Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Alfred Royster, appellee.

Argued June 6, 1977, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Richard F. Kronz,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 19, 1977:

The Commonwealth of Pennsylvania, Department of Transportation (Appellant) appeals an order of the court of common pleas which reversed a decision of the Secretary of Transportation suspending the inspection station privileges of Alfred Royster (Appellee), doing business as Royster's Pennzoil, for a period of six months. The infraction charged by Appellant involves permitting an unauthorized mechanic to perform an inspection and the falsification of records, both in violation of Sections 819 and 834 of The Vehicle Code (Code), Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §§819 and 834.

By letter dated April 21, 1975, Appellee was notified by Appellant of the forthcoming suspension. Testimony of record in the court below indicates that Appellee was personally served this notice on the same date, April 21, by a State Trooper. On June 6, 1975, 46 days later, Appellee filed its appeal with the common pleas court. That court, after hearing, reversed Appellant's order of suspension, noting that Appellee should not be penalized for his attorney's omissions.

Appellant raises two issues for our consideration. First, it contends that the appeal to the court below should have been dismissed as not timely filed. In

the alternative, it argues the case should be remanded to the lower court for more specific findings of .fact. Since we dispose of the appeal on the basis of Appellant's first contention, we need not consider the latter.

It is undisputed that Appellee filed its appeal with the court below 46 days after receiving notice of its suspension, or one day beyond the statutorily mandated period of 45 days. Section 819(b) of the Code, 75 P.S.§819(b). However, the court below found that Appellee's delay was due to its attorney's "inadvertence and oversight" and would not, for that reason, "exclude a defendant with a meritorious claim from our courts." We reverse.

Our scope of review in a case involving the suspension of an inspection certificate is limited to a determination of whether the findings of the court below are supported by competent evidence and whether any error of law was made. *Acavino v. Department of Transportation,* 27 Pa. Commonwealth Ct. 647, 367 A.2d 395 (1976); *Department of Transportation v. Kobaly,* 22 Pa. Commonwealth Ct. 46, 347 A.2d 759 (1975).

As we said in *Department of Transportation v. Forte,* 29 Pa. Commonwealth Ct. 415, 371 A.2d 526 (1977), a case involving a motor vehicle license suspension, the timeliness of an appeal goes to the jurisdiction of the appellate court and its competency to act. Our Supreme Court wrote in *Luckenbach v. Luckenbach,* 443 Pa. 417, 419, 281 A.2d 169 (1971):

> Where an act of assembly fixes the time within which an appeal must be taken, the time may not be extended in the absence of fraud or its equivalent. . . .

*See also Duggan v. Environmental Hearing Board,* 13 Pa. Commonwealth Ct. 339, 321 A.2d 392 (1974). Since

no assertion of fraud or anything tantamount to fraud has been alleged, we are constrained to reverse the court below.

Accordingly, we

### ORDER

AND Now, this 19th day of September, 1977, the order of the Court of Common Pleas of Fayette County is hereby reversed, and the suspension order of the Secretary of Transportation is reinstated.

Judge KRAMER, did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).