Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Keith D. Snyder, t/d/b/a Punxsutawney Bus Co., Appellee.

Argued May 5, 1978, before Judges MENCER, ROGERS, and DiSALLE, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *John L. Heaton,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Nicholas F. Lorenzo, Jr.,* for appellee.

OPINION BY JUDGE MENCER, August 30, 1978:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Jefferson County setting aside the order of the Director of the Bureau of Traffic Safety (Bureau) which suspended

the inspection station privileges of Keith D. Snyder, trading as Punxsutawney Bus Company. We reverse.

On November 24, 1976, the Bureau notified Snyder that he was charged with a "violation of Section 819(f) for faulty inspection" and that he had a right to a departmental hearing. No hearing was requested. On December 27, 1976, the Bureau suspended Snyder's inspection privileges for six months for a "violation of Section 819(f) of the Vehicle Code for faulty inspection" by Snyder and his mechanic. Criminal charges based on the same violation were filed concurrently.

Section 819(f) of The Vehicle Code (Code)[1] provided:

> (f) It shall be unlawful for any person to furnish, give or sell to any owner or operator of a motor vehicle, trailer or semi-trailer, or to any other person, or to place in or on any such vehicle a certificate of inspection and approval, unless an *official inspection* of its mechanism and equipment shall have been made, and the vehicle conforms with the provisions of this act. It shall be unlawful for any such designated official inspection station to furnish, loan, give or sell a certificate or certificates of inspection and approval to any other such designated official inspection station or any other persons, except those entitled to receive them under the provisions of this act. It shall be unlawful for any person to have in his possession any certificate of inspection and approval with knowledge that such certificate has been illegally purchased, stolen or counterfeited. (Emphasis added.)

---

[1] Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §819(f), repealed by the Act of June 17, 1976, P.L. 162. Provisions similar to Section 819 are now found in the Vehicle Code, 75 Pa.C.S. §§4721-4732, which became effective July 1, 1977.

At the hearing de novo before the lower court, the following undisputed findings of fact were made:

1. On September 7, 1976, appellee's duly certified inspection mechanic inspected school bus No. 94 and issued an appropriate No. 3 inspection sticker on that date, to-wit, September 7, 1976.

2. The appellee did not affix the new No. 3 inspection sticker to the vehicle (school bus No. 94) until on or after October 26, 1976, but the No. 3 inspection sticker was affixed prior to the time when the vehicle was required to have a No. 3 inspection sticker displayed on the vehicle.

A police officer, testifying for the Commonwealth, stated that the failure to affix an inspection sticker at the time the inspection is completed is a violation of Section 5.16 of the rules promulgated by the Department of Transportation (Department) which appear in the Official Inspection Station Instruction Manual, 3 Pa.B. 2866.[2]

---

[2] Section 5.16 of the Department rules, readopted under the Vehicle Code of 1976, 7 Pa.B. 1647, provides, in pertinent part:

B. Any deviation or change in the following procedure will be considered a faulty inspection and the sticker shall be void.

. . . .

2. The sticker cannot be issued until the vehicle has been inspected and passed all requirements. The sticker will be issued immediately following the last step of the inspection, THE ROAD TEST.

. . . .

4. When an inspection is completed and the inspection sticker is issued, it is the responsibility of the inspecting mechanic to affix the inspection sticker on the location prescribed by the Secretary. ONLY THE INSPECTION MECHANIC (THE ONE WHO PERFORMED THE ACTUAL INSPECTION) MAY AFFIX THE INSPECTION STICKER TO THE VEHICLE.

The trial court concluded that the undisputed facts failed to support a conclusion that Section 819(f) had been violated. Further, the court determined that, if the Bureau actually suspended the inspection privileges for a violation of Section 5.16 of the Department rules, there was an obligation to inform Snyder of this in the suspension order. Otherwise, he had inadequate notice of the charges to be proved at the trial de novo and this was unfair.

The Commonwealth contends that (1) a violation of Section 819(f) is supported by the uncontradicted evidence and (2) Snyder was not prejudiced by the suspension notice which admittedly lacked clarity in setting forth the charges.

We agree that the trial court erred in concluding that Section 819(f) had not been violated, provided that Snyder's acts constituted a violation of Department rules.

In *Commonwealth v. Harshaw,* 28 Pa. D. & C. 2d 212, 220 (1962), the Court of Common Pleas of Crawford County, while holding that a failure to inspect vehicles in accordance with the safety requirements provided in Department rules was a violation of Section 819(f), stated:

We . . . believe that when section 819(f) provides that: 'It shall be unlawful for any person to furnish . . . a certificate of inspection and approval, unless an official inspection of its mechanism and equipment shall have been made. . . .', the words 'official inspection' clearly mean

5. THE INSPECTION STICKER CAN ONLY BE AFFIXED TO A VEHICLE IN THE APPROVED INSPECTION AREA OF THE OFFICIAL INSPECTION STATION. STICKERS CANNOT BE ISSUED OR AFFIXED AT ANY OTHER AREA OR LOCATION UNDER ANY CIRCUMSTANCES WHATSOEVER.

an inspection which complies with the instructions designated and furnished by the secretary as stated in section 819(a).

This Court, in *Department of Transportation, Bureau of Traffic Safety v. Stafford,* 28 Pa. Commonwealth Ct. 157, 367 A.2d 816 (1977), relied upon *Harshaw* to support the proposition that an inspection mechanic who deviates from the Department rules has not performed an "official inspection" and has violated Section 819(f). In *Stafford,* we held that a certified mechanic improperly delegated his responsibility for filling out inspection records, in violation of the rules and thereby in violation of Section 819(f). Therefore, a violation of Section 819(f) was shown if Snyder's acts constituted a violation of Section 5.16 of the rules.[3]

Contrary to Snyder's contention, we hold that Section 5.16 clearly imposes a duty to affix the inspection sticker *at the time* said sticker is issued and Snyder failed to comply with that requirement as indicated by the uncontradicted facts. Section 5.16(B)(2) provides that "the sticker will be issued immediately following the last step of the inspection. . . ." Section 5.16(B)(4) provides that "*[w]hen* an inspection is completed and the inspection sticker is issued, it is the responsibility of the inspecting mechanic to affix the inspection sticker. . . ." (Emphasis added.) Thereafter, in Section 5.16(B)(4) and (B)(5), it is emphasized that only the mechanic "who performed the actual inspection" may affix the sticker and this may only be done in the approved inspection area. The word "when" in Sec-

---

[3] The Commonwealth admits in its brief that the more appropriate charge would have indicated a violation of Section 819(b) of the Code. This Section gave the Bureau power to suspend the inspection station privileges for "improper inspection" on the basis of a failure to comply with the requirements of the Code or of the Department rules.

tion 5.16(B)(4) clearly means *at the time;* otherwise, other provisions become meaningless. Further, it is necessary that the sticker be affixed at the time it is issued in order to insure that a vehicle is properly inspected by an inspection station. If it is not affixed until some later time, it is practically impossible to compare the safety of a vehicle at the time notice of the inspection is afforded by the affixed sticker and its safety when it was allegedly inspected and when the sticker was issued. In this case, Snyder affixed the sticker more than 30 days after inspection and issuance of the sticker. This was totally unreasonable and was a violation of Section 5.16.

We also agree with the Commonwealth that Snyder was not prejudiced by the failure to note specifically that the charges were based upon a violation of Section 5.16 of the rules. It is well established that due process required in administrative proceedings is afforded when the "accused" is informed with reasonable certainty of the substance of the charges against him so that he may adequately prepare his defense. *See Benjamin v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 427, 430, 332 A.2d 585, 587 (1975); *Pittsburgh Press Employment Advertising Discrimination Appeal,* 4 Pa. Commonwealth Ct. 448, 457, 287 A.2d 161, 166 (1972).

The record reveals that, at the time of the trial de novo in these suspension proceedings, the facts which supported the suspension had previously been developed at a hearing on the criminal charges which were based on the same violations. At the trial de novo below, when the Commonwealth presented evidence that Section 5.16 of the rules was violated, counsel for Snyder did not object, plead surprise, or request a continuance to prepare a defense. Rather, he argued on the merits against the alleged violation of Section

5.16 at the close of the hearing when he demurred to the Commonwealth's case.

In view of the above, it is clear that the court below should have decided that the suspension was in accordance with the law and should have affirmed the Bureau's suspension. Therefore, we must reverse the order of the lower court.

Order reversed.

### ORDER

AND Now, this 30th day of August, 1978, the order of the Court of Common Pleas of Jefferson County, dated June 14, 1977, sustaining the appeal of Keith D. Snyder, t/d/b/a Punxsutawney Bus Co., is reversed, and the six-month suspension of the certificate of appointment of said Keith D. Snyder, t/d/b/a Punxsutawney Bus Co., ordered by the Director of the Bureau of Traffic Safety on December 27, 1976 is reinstated, with credit allowed for the time said suspension was in effect prior to the granting of the supersedeas by the court below.