Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Eloise W. Ehret, Appellee.

Argued June 4, 1979, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *John K. Kraybill,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Gerald Gornish,* Acting Attorney General, for appellant.

*W. Horace Hepburn,* with him *Duryea, Larzelere & Hepburn,* for appellee.

OPINION BY JUDGE BLATT, September 19, 1979:

The Department of Transportation (Department) appeals here from a decision of the Court of Common Pleas of Delaware County which overturned the Department's suspension of Eloise W. Ehret's (appellee) motor vehicle operator's license.

By letter dated December 8, 1975, the appellee was directed to appear for a Special Operator's examination and to have a General Medical Form and Certificate of Visual Efficiency completed by her physicians. Pursuant to the Department's regulations[1] and because of the Certificate of Visual Efficiency

---

[1] These regulations found in 6 Pa. Bulletin 3053 provide as follows:

§103.5 Visual Standards

(a) A person with 20/40 or better combined vision is eligible to drive without corrective lenses.

(b) A person with less than 20/40 combined vision must wear corrective lenses while driving.

(1) If such person has 20/50 to and including 20/60 combined vision with best correction, their operating privileges shall be restricted to daylight hours.

submitted by the appellee's doctor, the Department suspended her driving privileges, noting that her vision was found to be "not compatible with the safe operation of a motor vehicle." Notice of the suspension, as authorized by Section 618(a)(1) of The Vehicle Code[2] (Code) 75 P.S. §618(a)(1), was sent to the appellee on February 9, 1976 to be effective on March 15, 1976. The appellee filed an appeal with the common pleas court on April 20, 1976, and after a hearing that court entered an order on October 18, 1977, reversing the action of the Department and reinstating the appellee's operator's license on the ground that the Department's regulations with respect to visual competency were arbitrary.

Two issues are raised here: (1) whether or not the appellee's appeal to the lower court was timely under Section 620 of the Code, 75 P.S. §620; and (2) whether or not the lower court was correct in finding the Department's regulations to be arbitrary. We will not reach the second issue because we conclude that the appeal to the lower court was not timely and, therefore, that the court was without jurisdiction to reverse the Department's order.

At the time here in question, Section 620 of the Code provided in pertinent part:

> Any person whose operator's license or learner's permit has been suspended, or who

---

(2) If such person has less than 20/60 but better than 20/70 combined vision with best correction, they may only be eligible for daylight driving upon approval of the Medical Advisory Board.

(3) If such person has 20/70 or less combined vision with best correction, they shall be ineligible to drive under any circumstances.

[2] This action was taken pursuant to Section 618(a)(1) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §618(a)(1) *repealed by* the Act of June 17, 1976, P.L. 162. A similar provision is now found at 75 Pa. C.S. §1519.

has been deprived of the privilege for an operator's license or learner's permit under the provisions of this act shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides. . . .

75 P.S. §620.

Although the issue of timeliness was not raised before the court below, the timeliness of an appeal goes to the jurisdiction of the court to which an appeal is taken and to its competency to act. *Duggan v. Environmental Hearing Board,* 13 Pa. Commonwealth Ct. 339, 321 A.2d 392 (1974). Moreover an objection to the lack of subject matter jurisdiction can never be waived; it may be raised at any stage of a case, even on the appellate level, by the parties or by a court on its own motion. *Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974). The issue of timeliness as to the appeal to the lower court, therefore, is properly before this Court despite the fact that it was not raised until this appeal.

It is undisputed that the appellee filed her appeal more than 30 days after the suspension notice was mailed to her, the date which triggers the running of the appeal time.[3] She argues, however, that the suspension was of a continuing nature because it provided that it was effective "until sufficient proof of

---

[3] In *Department of Transportation v. Forte,* 29 Pa. Commonwealth Ct. 415, 371 A.2d 526 (1977), where we held that the date upon which a *revocation* order is mailed is the date upon which the appeal time commences to run, we noted that one of the reasons for choosing the mailing date as the proper starting date for license revocation appeals to run was to make it consistent with the date upon which the appeal time began to run for *suspension* orders. We concluded that the Code requirement that the Department "immediately notify" a licensee of a suspension order would result in the

competency'' is established, and she claims therefore that she had a continuing right to appeal the determination without regard to the statutory 30-day limit. We cannot agree. The notice sent to her clearly stated that she had a right to appeal the determination within 30 days. The notice also stated that, if in the opinion of her physician her condition improved, consideration for the reinstatement of the license would be given upon *application* to the Department. Contrary to her argument that this notice provided her with an indefinite period of time to appeal, we believe that it provided her with only two choices: she could either (1) appeal the suspension within 30 days or (2) make an application for reinstatement alleging that in the opinion of her physician her condition had improved. Instead of properly pursuing either of these alternatives, however, she filed an appeal after the 30-day time limit had expired, and then attempted to show that her condition had improved.

Because her failure to take an appeal within the required 30 days deprived the lower court of jurisdiction to entertain it, we must reverse that order and reinstate the Department's suspension of the appellee's operating privileges.

ORDER

AND Now, this 19th day of September, 1979, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby reversed, and the order of the Department of Transportation suspending the operating privileges of Eloise Ehret is hereby reinstated.

---

date of mailing coinciding with the date on which the order is made. We also note that the newly codified Vehicle Code, 75 Pa. C.S. §1550 effective July 1, 1977, expressly provides that the time for appeal from suspension, revocation, cancellation and recall orders runs from the date notice of the order is mailed.