Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Carl D. Gillingham, Jr., Appellee.

Argued February 7, 1980, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Francis P. Bach,* with him *Harold H. Cramer,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE MACPHAIL, March 7, 1980:

This is an appeal from the order of the Court of Common Pleas of Somerset County sustaining the appeal of Carl D. Gillingham, Jr. from a suspension of his operating privileges by the Department of Transportation, Bureau of Traffic Safety (Department). The trial court granted the appeal because it appeared from the record "that the appellant's suspension is based entirely upon the certification of a judgment in this court to No. 281 Civil 1974 entered against the appellant's parents and not against the appellant."

In the instant appeal, the Department argues that the trial court must be reversed because (1) the appeal from the suspension was not timely filed and (2) the trial court erred as a matter of law when it sustained the appeal based upon a collateral attack upon the underlying vehicle offense.

Notice of the suspension was sent by the Department to Gillingham on June 23, 1978. He filed his appeal therefrom on July 27, 1978. Section 1377 of the Vehicle Code, 75 Pa. C.S. §1377, provides that appeals shall be filed within 30 days from the date the suspen-

sion notice is mailed. Our Court has held the timeliness of the appeal goes to the jurisdiction of the court to which the appeal is taken and to its competency to act. *Department of Transportation v. Ehret*, 46 Pa. Commonwealth Ct. 131, 405 A.2d 1355 (1979). In a license suspension case, we have also held that the issue of the timeliness of the appeal is properly before us despite the fact that the issue was not raised until the appeal to our Court. *Department of Transportation v. Ehret, supra.* Therefore, it appearing that Gillingham filed his appeal more than 30 days after the notice of his suspension was sent, the order below must be reversed.

There is also ample authority to support the position of the Department with respect to the authority of the trial court in license suspension appeals. The scope of review of the trial court in such appeals was carefully delineated by our Court in *Department of Transportation v. Grobes*, 45 Pa. Commonwealth Ct. 151, 405 A.2d 588 (1979). There we held that the proper scope of review is limited to a determination of whether the appellant was in fact convicted of a traffic violation and whether the Bureau has faithfully observed the provisions of the Vehicle Code in suspending the appellant's driving privileges. In the instant case, the record shows that Gillingham was convicted of violating Section 1543 of the Code, 75 Pa. C.S. §1543. No attack whatsoever is made upon the Department's suspension procedures. Our inquiry, as well as that of the trial court, ends there. To go beyond those limits is reversible error.

### ORDER

AND Now, this 7th day of March, 1980, the order of the Court of Common Pleas of Somerset County, entered September 6, 1978, is reversed and the suspension of the driving privileges of Carl D. Gillingham,

Jr. issued by the Department of Transportation, Bureau of Traffic Safety, is hereby reinstated.

President Judge BOWMAN did not participate in the decision in this case.

Judge WILLIAMS, JR. dissents.