## Commonwealth v. Melcher

*Maurice Levin, Deputy Attorney General,* for Commonwealth.

*David P. Grau,* for defendant.

SMILLIE, *J.*, June 19, 1980—On September 20, 1979, the Department of Transportation issued a five year revocation of Joseph Francis Melcher's operating privileges pursuant to the habitual offender's provisions of the Vehicle Code, 75 Pa.C.S.A. § 1542. Melcher appealed the revocation to the court of common pleas. On January 29, 1980, after hearing and consideration, an order was

426

handed down dismissing the appeal and reinstating the Secretary of Transportation's revocation order. Petitioner has appealed from that order, necessitating the opinion herewith.

The power and discretion vested in the lower court in reviewing such cases is very narrow. The scope of review is limited to a determination of whether petitioner was, in fact, convicted of the requisite Vehicle Code violations and whether the Department faithfully observed the provisions of the Vehicle Code in suspending his driving privileges: Com. v. Gillingham, _____ Pa. Commonwealth Ct. _____, 412 A. 2d 186 (1980); Com. v. Grobes, 45 Pa. Commonwealth Ct. 151, 405 A. 2d 588 (1979).

Section 1542(a) of the Vehicle Code mandates the revocation of the operating privileges of the driver found to be a habitual offender. "A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b). . . ." 75 Pa.C.S.A. § 1542(a). Subsection (b) prescribes:

"(b) Offenses enumerated—Three convictions arising from separate acts of any one or more of the following offenses committed either *singularly or in combination* by any person shall result in such person being designated as a habitual offender: (1) Any offense set forth in section 1532. . . ." (Emphasis supplied.)

The evidence reveals that appellant was found guilty of violating Vehicle Code section 3367 for racing on highways, section 3733 for fleeing or attempting to elude police officer, and section 3734

for driving without lights to avoid identification or arrest. Each violation is set forth in section 1532(b) of the Vehicle Code.

From the evidence presented before the court, there can be no other conclusions but that petitioner was convicted of three separate and distinct offenses and the Secretary properly applied the mandatory revocation provided by Vehicle Code section 1542.

Appellant incorrectly asserts that he committed three offenses but only one act and that the provisions of Vehicle Code section 1542 are therefore not applicable.

Although the violations arose out of a sequence of events that occurred within a space of approximately ten minutes on October 2, 1978, appellant was convicted and paid fines for three separate and distinct Vehicle Code violations.

Section 1542 (b) of the Vehicle Code provides that three convictions arising from the type of offenses involved in the present appeal "committed either singularly or in combination by any person shall result in such person being designated as a habitual offender." Com. v. Weaver, 44 Trust Book 350, C. P. Lancaster Co. (1979), quoting 75 Pa.C.S.A. §1542(b). The above language makes clear that the flagrant violations, even if in a comparatively short time, are plainly covered by the provisions of the Code: Com. v. Weaver, supra.

The operating privilege of any person found to be a habitual offender shall be revoked by the department for a period of five years: 75 Pa.C.S.A. §1542(d).

The Department of Transportation has faithfully observed the provisions of Vehicle Code section 1542(d) by revoking petitioner's operator's license for five years: 75 Pa.C.S.A. §1542(d).

428

The evidence provided was more than sufficient to sustain the Commonwealth's burden of proof and warranted the dismissal of defendant's appeal. Appellant's license was properly revoked.