Frank A. Cariola, individually and t/a Frank's Mobil Service Center, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued March 5, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*John J. D'Angelo, Bank, Minehart & D'Angelo,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, April 30, 1982:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County sustaining the order of the Pennsylvania Department of Transportation (PennDOT), which suspended the automobile inspection privileges of Frank A. Cariola for three months pursuant to Section 4724(a) of The Vehicle Code.[1]

On January 5, 1979, two people were found in an automobile, dead of carbon monoxide poisoning. An investigation of the vehicle by the state police re-

---

[1] Act of June 17, 1976, P.L. 162, *as amended,* 75 Pa. C. S. §4724 (a), which provides:

(a) General rule.—The department shall supervise and inspect official inspection stations and may suspend the certificate of appointment issued to a station which it finds is not properly equipped or conducted or which has violated or failed to comply with any of the provisions of this chapter or regulations adopted by the department. The department shall maintain a list of all stations holding certificates of appointment and of those whose certificates of appointment have been suspended. Any suspended certificate of appointment and all unused certificates of inspection shall be returned immediately to the department.

vealed numerous violations of PennDOT inspection regulations, including a tailpipe that ended two-and-a-half inches inside the body and fender lines of the vehicle that allowed exhaust fumes to enter the inside of the car, badly worn tires, a trailer hitch that was mounted to the floor rather than to the frame, and extensive rust holes. The inspection sticker affixed to the vehicle recorded an inspection by the appellant at his station on November 13, 1978.

Our scope of review where the trial court hears the matter *de novo* is limited to a determination of whether or not the court based its findings of fact on substantial evidence or committed an error of law. *Department of Transportation, Bureau of Traffic Safety v. Kobaly*, 22 Pa. Commonwnealth Ct. 46, 347 A.2d 759 (1975).

The common pleas decision relied on the testimony of a state police officer and a certified mechanic who had inspected the automobile on January 23, 1979. The officer determined that the speedometer had not worked since the time it had left the Cariola inspection station.[2] Furthermore, he concluded that the extensive rust could not have occurred within the forty-eight days between the time of the inspection and the date of the deaths. The mechanic observed numerous inspection violations and concluded that these violations could not have occurred after appellant's inspection. Based on the extensive testimony of the police officer and the mechanic, Judge WILSON of the common pleas court found:

> [H]aving looked at the testimony as to the depth of the tread in the tires, and considered

---

[2] The mileage recorded on the odometer at the time the vehicle was inspected by appellant was 29,999. When the state police subsequently inspected the car on January 23, 1979, the odometer still recorded 29,999 miles, although the tragedy occurred approximately 100 miles from appellant's service station.

that in light of the rust and the faulty odometer, this Court is again compelled to find that the Cariola Station conducted its inspection in a faulty and improper manner.

The failure of a mechanic to meet any of the requirements of departmental regulations concerning inspection constitutes a faulty inspection. *Department of Transportation, Bureau of Traffic Safety v. Snyder*, 37 Pa. Commonwealth Ct. 359, 391 A.2d 3 (1978). The testimony of the police officer and mechanic who subsequently inspected the vehicle constitutes substantial evidence to support the trial court's finding that appellant's inspection of November 13, 1978 was inadequate.

Accordingly, we affirm the decision of the common pleas court.

### ORDER

Now, April 30, 1982, the order of the Court of Common Pleas of Philadelphia County, No. 1195 of 1979, dated July 15, 1981, is hereby affirmed.

This decision was reached prior to the resignation of Judge MENCER.