John Gula, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs September 16, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Stephen P. Ellwood, Krasno & Krasno,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, October 28, 1982:

John Gula appeals an order of the Court of Common Pleas of Schuylkill County, sustaining the Department of Transportation's fifteen-month suspension of Gula's automobile inspection privileges for two violations of The Vehicle Code,[1] maintaining improper records and certifying an unacceptable vehicle.[2]

---

[1] Act of June 17, 1976, P.L. 162, *as amended,* 75 Pa. C. S. §4724(a), which provides:

    (a) General rule. — The department shall supervise and inspect official inspection stations and may suspend the

Here a state police officer testified that he observed at Gula's station a vehicle which bore a three-day old inspection sticker issued by Gula, although the vehicle had a cracked windshield, four tires lacking the minimum allowable tread depth, a smashed rear-end with a rag in place of a gas tank cap, and a six-to-eight-inch hole rusted through the floorboard. Furthermore, the officer testified, and the common pleas court found, that the hole could not have developed in just three days.

The failure of a mechanic to meet any of the requirements of departmental regulations concerning inspection constitutes a faulty inspection, *Department of Transportation, Bureau of Traffic Safety v. Snyder*, 37 Pa. Commonwealth Ct. 359, 391 A.2d 3 (1978). In our recent decision in *Cariola v. Department of Transportation, Bureau of Traffic Safety*, 66 Pa. Commonwealth Ct. 360, 444 A.2d 827 (1982), a similar case, we held that a state police officer's testimony that extensive rust on the vehicle could not have developed within the forty-eight days between the inspection and the discovered violation constituted substantial evidence.[3] The evidence here, as to the

certificate of appointment issued to a station which it finds is not properly equipped or conducted or which has violated or failed to comply with any of the provisions of this chapter or regulations adopted by the department. The department shall maintain a list of all stations holding certificates of appointment and of those whose certificates of appointment have been suspended. Any suspended certificate of appointment and all unused certificates of inspection shall be returned immediately to the department.

[2] 67 Pa. Code §175.221. This section provides for suspension due to faulty inspections and careless recordkeeping.

[3] Our scope of review where, as here, the trial court hears the matter *de novo* is limited to a determination of whether or not the court based its findings of fact on substantial evidence or committed an error of law. *Cariola*, citing *Department of Transportation, Bureau of Traffic Safety v. Kobaly*, 22 Pa. Commonwealth Ct. 46, 347 A.2d 759 (1975).

rusting defect, with only three days intervening between sticker issuance and the state police check-up, is thus stronger than it was in *Cariola*. In addition, as to the recordkeeping violation, the court found that Gula had listed the incorrect registration number of the vehicle in his logs.

Accordingly, we affirm the decision of the common pleas court.

### ORDER

Now, October 28, 1982, the order of August 11, 1980 in the Court of Common Pleas of Schuylkill County, at No. S-336-1980, is affirmed.