## Commonwealth v. Holloway

*Francis P. Bach,* for the Dept. of Transportation.
*Daniel M. Fennick,* for defendant.

MILLER, *J.,* July 21, 1983—This matter is before the court on the motion of the Department of Transportation to quash and dismiss the appeal filed by appellant to the action of the Department in revoking his operator's privileges for a period of five years as an habitual offender.

The record indicates that the Department on July 28, 1982, mailed the notice of revocation to appellant. The appeal was filed in this court on September 1, 1982. The Vehicle Code, 1976, P.L. 162, June 17, as amended, 75 P.S. §1550 (renumbered as §1551 by Act 1978, April 28, P.L. 202, No. 53, Section 13(7), effective June 27, 1978), provides in pertinent part:

"(a) General rule.—Any person denied a driver's license or whose operating privilege has been recalled, canceled, suspended or revoked by the department shall have the right to appeal by filing a petition within 30 days from the date notice is mailed for a hearing in the Court of Common Pleas of the County in which the driver resides . . ."

The record is clear that the appeal in the instant case was filed on the 35th day after the mailing of the notice of revocation. The appellate courts have consistently held that the court of common pleas

has no jurisdiction to entertain an appeal filed after the 30 day appeal period has expired. Commonwealth v. Rogers, 53 Pa. Commw. 641, 419 A.2d 235 (1980); Commonwealth v. Gillingham, 49 Pa. Commw. 637, 412 A.2d 186 (1980); Commonwealth v. Ehret, 46 Pa. Commw. 131, 405 A.2d 1355 (1979). An objection to the lack of subject matter jurisdiction may be raised by any stage of the proceeding and can never be waived. Commonwealth v. Ehret, supra.

The only exception to the Rule stated above is the commission of fraud or deceit by the Department. There has been no allegation or proof of any such conduct. "Where an act of assembly fixes the time within which an appeal must be taken, the time may not be extended in the absence of fraud or its equivalent." Commonwealth v. Royster, 31 Pa. Commw. 647, 377 A.2d 1038 (1977).

Appellant contends that his appeal should be considered timely filed since it was accomplished promptly after he obtained counsel and that, since he was a minor under the age of 18 years, the Commonwealth may not hold him to the strict time limitations unless and until a guardian has been appointed or obtained to represent him.

While it is true that the Rules of Civil Procedure prevent a default judgment to be entered against a minor for whom no guardian has been appointed, the issue raised by the Appellant is one of limitations. The Motor Vehicle Code, 75 P.S., §6303, provides as follows:

"Any person over the age of 16 years charged with the violation of any provisions of this title constituting a summary offense shall have all the rights of an adult and may be prosecuted under the provisions of this title in the same manner as an adult."

Appellant in this case was born on December 15, 1964, and was therefore 17 years of age when the revocation notice was mailed to him. While the license suspension appeal proceeding is civil in nature, we are satisfied that the legislature intended minors to be treated like adults in such proceedings. In any event, however, the revocation itself was an administrative action. It was appellant himself who brought the action in court to contest the revocation, and he must be bound by the statutorily established appeal period. We have no power to extend that period anymore than we could extend the limitations period for a minor to bring an action for personal injuries or to assert any other right.

Although it is not necessary to address the merits of appellant's petition, we note that appellant alleges, as grounds for his appeal, that the records of the Department do not show the requisite number of convictions to constitute appellant an habital offender within the meaning of Section 1642 of the Motor Vehicle Code. However, the record clearly shows that appellant has violated §1501 of the Motor Vehicle Code (which requires drivers to be licensed) on four separate occasions: specifically, July 25, 1981, November 28, 1981, August 5, 1981, and April 15, 1982. The first of the violations resulted in only a warning; the second and third offenses resulted in suspensions of six months each; and the fourth one led to the five-year revocation which is the basis of this appeal.

We are therefore satisfied that, even if the appellant should be permitted to prosecute his appeal, it would be without merit. Accordingly, we enter the following order.

## ORDER

And now, this July 21, 1983, the appeal of Mark Robert Holloway is quashed and dismissed and the

action of the Commonwealth of Pennsylvania, Department of Transportation in revoking his operator's privileges is reinstated.