Harold J. Smith, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles, Appellee.

Submitted on briefs November 12, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Joseph R. Adamczyk, Jr.,* with him, *Kenneth J. Sparler, Anstine & Anstine,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, January 7, 1986:

Harold J. Smith appeals here an order of the Court of Common Pleas of York County which affirmed the decision of the Department of Transportation (Department) which suspended for three months his certification as an official inspection station and as an official inspection station mechanic. We affirm.

Smith operates an automobile service station known as Smittie's ARCO. His station is certified by the Department as an official inspection station and he is certified as an official inspection station mechanic. On January 13, 1983, Trooper Leo Keim of the Pennsylvania State Police inspection detail was given a vehicle inspection certificate by officers of the York City Police. Trooper Keim ran a check on the certificate and found that it was issued by Smith on July 31, 1982 to a 1975 Chevrolet van owned by one Clair Bowman. Trooper Keim then checked Smith's inspection records, specifically the TS-431 worksheet, which indicated that the Chevrolet van had a valid registration at the time it was inspected. Bowman was not able to produce a valid registration card or title as required by Section 4727(a) of the Vehicle Code, 75 Pa. C. S. §4727(a), at the time the van was inspected. He did, however, have in his possession an affidavit of lost or stolen registration, executed pursuant to 75 Pa. C. S. §1313(c), which Smith accepted in lieu of registration card or title. A record check with the Department showed that the registration on the Chevrolet van had expired as of Novem-

ber 30, 1981. Smith was cited by the Department for performing a faulty inspection on the 1975 Chevrolet van and the Department ordered that his certification as an official inspection station be suspended for three months under 75 Pa. C. S. §4724(a) and suspended his certification as an official inspection mechanic for three months under 75 Pa. C. S. §4726. He appealed the Department's suspension order to common pleas court which heard the matter de novo. The common pleas court upheld the Department's suspension order on August 19, 1983 and a timely appeal was taken to this Court.

In this appeal, Smith contends that the common pleas court erred as a matter of law when it held that an inspection station mechanic cannot accept a vehicle owner's affidavit of lost or stolen registration card to satisfy the requirements of 75 Pa. C. S. §4727(a). Our scope of review where the common pleas court is the fact-finder, is limited to determining whether necessary findings of that court are based upon substantial evidence, an error of law committed, or whether any constitutional rights of the appellant were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Gula v. Department of Transportation*, 69 Pa. Commonwealth Ct. 481, 451 A.2d 807 (1982).

When Smith inspected the Chevrolet van on July 31, 1982, he was required by statute to examine the registration card, title or other approved document to show proof of registration or titling. 75 Pa. C. S. §4727(a), which contains that requirement, reads as follows:

§4727. *Issuance of certificate of inspection*
    *(a) Requirements prior to inspection.*—No vehicle, except a vehicle held by a dealer or manufacturer for which titling is not required or a mass transit vehicle for which titling is not

required, shall be inspected unless it is *duly registered or titled* in this Commonwealth or any other jurisdiction. The certified inspection mechanic *shall examine the registration card, title or other document as specified in department regulations in order to ascertain that the vehicle is registered or titled or that an application for title has been submitted by the vehicle owner.* (Emphasis added.)

It is evident by the clear wording of the statute that the General Assembly did not intend that a current vehicle registration card be the only acceptable means of proving registration or titling. The inspection mechanic can also accept the vehicle title or "other documentation as specified in department regulations" in that it is not required under the Vehicle Code that a vehicle be currently registered in order to be inspected. The Department's regulations dealing with inspection procedure acknowledge this and the specific regulation dealing with proof of ownership, 67 Pa. Code §175.80, reads, in pertinent part, as follows:

*§175.80. Inspection procedure.*

(a) *External inspection.* An external inspection shall be performed as follows:

(1) Verify ownership and legality and reject if any of the following apply:

(i) VIN [vehicle identification number] is not in agreement with the *registration certificate, title or manufacturer's statement of origin.* Exception: If only one digit is incorrect or two digits are transposed, and the owner provides evidence that the appropriate department form has been completed to correct the error of transposition. (Emphasis added.)

The Department's regulation indicates that the *only* acceptable forms of proof of ownership and legality are either (1) the registration card; (2) title; or (3)

the manufacturer's statement of origin. Were an inspection mechanic to accept any other documentation, such as a Section 1313(c) affidavit of lost or stolen registration, it would be in violation of the Vehicle Code and the regulations promulgated thereunder and constitute a faulty inspection. *Gula,* 69 Pa. Commonwealth Ct. at 482, 451 A.2d at 808; *Department of Transportation, Bureau of Traffic Safety v. Snyder,* 37 Pa. Commonwealth Ct. 359, 391 A.2d 3 (1978).

We must reject Smith's argument that the General Assembly in enacting Section 1313(c), which allows vehicle owners to use an affidavit to avoid the fine imposed for failing to carry a current signed registration card while operating a motor vehicle (75 Pa. C. S. §1311), intended that the affidavit constitute proof of ownership for purposes of Section 4727(a). Section 1313(c) reads as follows:

§*1313. Duplicate registration cards*

. . . .

*(c) Affidavit to avoid penalty.*—No owner or operator of a vehicle shall be subject to a fine for failure to have the registration card if the owner or operator makes affidavit that the card was lost or stolen within the period of 20 days preceding and that application for new registration card was made within 48 hours as required in this section.

The limited purpose of this provision was to ensure that vehicle owners and operators who had their registration cards lost, stolen or obliterated and who promptly applied for new registration cards would be able to operate their vehicles while waiting for a new registration card without fear of being found in violation of Section 1311. An affidavit made pursuant to Section 1313(c) is *not* a substitute for, nor a temporary, registration card but merely constitutes a defense to the charge of being in violation of Section

1311 for operating a vehicle without being in possession of a current signed registration card. Accordingly, Section 1313(c) is inapplicable to the case at bar where the affidavit was used as proof of ownership for vehicle inspection purposes. By accepting the affidavit in lieu of a registration card, title or manufacturer's statement of origin, Smith violated both 75 Pa. C. S. §4727(a) and 67 Pa. Code §175.80(a)(1) and performed a faulty inspection on the 1975 Chevrolet van.

Having found that Smith's inspection of the van constituted a faulty inspection, the Department properly suspended his official inspection station and official inspection mechanic's certifications for a three-month period under 67 Pa. Code §175.50. Therefore, we shall affirm the common pleas court.

### ORDER

Now, January 7, 1986, the Order of the Court of Common Pleas of York County at Docket No. 83-S-1732, dated August 19, 1983, is hereby affirmed.