DRESSEL ASSOCIATES, INC.,

v.

BEAVER VALLEY BUILDERS
SUPPLY, INC., and the United
States of America,

v.

**Bell Acres Borough, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 7, 2001.

Decided June 14, 2001.

Patrick G. Barry, Pittsburgh, for appellant.

Robert E. Dauer, Jr., Pittsburgh, for appellees.

Before DOYLE, President Judge, KELLEY, Judge, FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

The Borough of Bell Acres (Borough) appeals from the order of the Court of Common Pleas of Allegheny County (trial court) which granted the petition of Dressel Associates (Dressel) to strike the municipal lien claim of the Borough as not having priority. We affirm.

In 1987, Beaver Valley Builders Supply, Inc. (Beaver Valley) mortgaged its property located in the Borough with Equibank, N.A. Equibank later became Integra Bank, and on July 29, 1994, Integra Bank assigned the mortgage to Dressel. Dressel filed a complaint against Beaver Valley to foreclose on the mortgage on May 9, 1995. Beaver Valley failed to respond and judgment was entered against them for $4,112,324.24 plus costs and interest. Dressel sought to execute the judgment and a Sheriff's Sale of the property was scheduled for September 5, 1995.[1]

The municipal claim arose on February 18, 1988, when the Borough filed a complaint in equity against Beaver Valley seeking compliance with the zoning ordi-

---

1. The Sheriff's sale was postponed indefinitely pending the resolution of this municipal claim by the Borough.

nance and a variance which Beaver Valley had obtained. By order dated November 27, 1991, the trial court ordered Beaver Valley to remove all of the items from the property that were not in compliance with the zoning ordinance and the variance and enjoined Beaver Valley from bringing onto or storing any additional items that were not in compliance with the zoning ordinance or the variance onto the property.

On May 21, 1996, the trial court granted the Borough's petition for fees and costs incurred to enforce the injunction. The trial court entered an order for the payment of money in the amount of $19,091.03 plus interest at the judgment rate from the date of the order. The Borough promptly recorded and indexed the order with the Allegheny County Prothonotary's Office as against Beaver Valley Builders.

■ On December 1, 1999, Dressel filed a petition to strike the municipal claim of the Borough. The trial court order denied the petition and Dressel appealed the decision to our Court. Upon review of its opinion, the trial court recognized an error and requested that our Court remand the case back to the trial court for corrections. We remanded to the trial court who thereafter issued an order granting Dressel's petition to strike the municipal lien of the Borough. The Borough now appeals to our Court.[2]

■ The Borough contends that the trial court erred in determining that the Borough did not have a first-priority lien on the real property in question pursuant to Section 1 of the Municipal Claims and Tax Liens Act (Act), Act of May 16, 1923, P.L. 207, *as amended,* 53 P.S. § 7106(a), as a result of receiving an order for money damages under 42 Pa.C.S. § 4303. We disagree.

First, we must address the priority of Dressel's mortgage lien. 42 Pa.C.S. § 4303(a) and (b) provides in pertinent part as follows:

(a) Real Property.—Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property on the conditions, to the extent and with the priority provided by statute or prescribed by General Rule adopted pursuant to section 1722(b) (relating to enforcement and effect of orders and process) when it is entered of record in the office of the clerk of the court of common pleas of the county where the real property is situated, or in the office of the clerk of the branch of the court of common pleas embracing such county.

(b) Order of court as lien.—Any other order of a court of common pleas shall be a lien upon real and personal property situated within any county embraced within the judicial district on the conditions, to the extent and with the priority provided by statute or prescribed by general rule adopted pursuant to section 1722(b).

The Judicial Code provides that the priority of adverse judgments is determined by the date in which they are filed. 42 Pa. C.S. § 8141. Dressler's mortgage was filed prior to the Borough's judgment. Thus, the Borough's judgment is entitled to no priority here unless it qualifies for such priority under the Act.

The Borough contends that the judgment against Beaver Valley receives priority as a municipal claim because it was for the removal of a nuisance. Municipal claim is defined in pertinent part as; "the claim filed to recover for the ... removal of nuisances.... " 53 P.S. § 7101.

2. Our review is limited to a determination of whether the findings of fact are supported by substantial evidence or whether an error of law was committed. *Cariola v. Commonwealth,* 66 Pa.Cmwlth. 360, 444 A.2d 827 (1982).

Section 1 of the Act provides in pertinent part as follows:

(a) All municipal claims which may hereafter be lawfully imposed or assessed on any property in this Commonwealth . . ., shall be and they are hereby declared to be a lien on said property, together with all charges, expenses, and fees incurred in the collection of any delinquent account, including reasonable attorney fees under subsection (a.1), added thereto for failure to pay promptly; and said liens shall arise when lawfully imposed and assessed and shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation, judgment, claim, lien, or estate with which the said property may become charged, or for which it may become liable, save and except only the costs of the sale and of the writ upon which it is made, and the taxes imposed or assessed upon said property.

(b) With the exception of those claims which have been assigned, any municipal claim, including interest, penalty and costs, imposed by a city of the first class, shall be a judgment only against the said property when the lien has been docketed by the prothonotary. The docketing of the lien shall be given the effect of a judgment against the said property only with respect to which the claim is filed as a lien.

53 P.S. § 7106(a) & (b).

■ The trial court was correct in determining that "the record is void of any court ruling declaring a nuisance." Trial Court Opinion, January 11, 2001, at 4. A review of the record reveals a zoning ordinance and variance violation, which the trial court directed Beaver Valley to comply with. The lien arose out of the enforcement of the zoning violations, and there are no allegations of a nuisance on the property. A violation of a zoning ordinance is not conclusive of a nuisance or a nuisance per se. *Tid Bit Alley, Inc. v. Erie County, Erie County Department of Health,* 103 Pa.Cmwlth. 46, 520 A.2d 70 (1987); see also, *In Re Reynolds,* 73 Pa. Cmwlth. 372, 458 A.2d 311 (1983)(removal of a declared nuisance did not automatically give rise to a valid municipal claim). The Borough failed to establish a nuisance on the property in the initial complaint and thereafter. Because a municipal claim was not established by the Borough, its lien does not receive priority. Therefore, we are constrained to affirm the trial court.

### ORDER

AND NOW, this 14th day of June, 2001, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.