Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Dominic Petrelli, Appellee.

Argued February 8, 1980, before Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

*Harold H. Cramer*, Assistant Attorney General, with him *Regis J. McCoy*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Edward G. Biester, Jr.*, Attorney General, for appellant.

*Paul G. Kachulis*, for appellee.

OPINION BY JUDGE CRAIG, April 2, 1980:

The Pennsylvania Department of Transportation (department) appeals from an order of the Court of Common Pleas of Allegheny County dated November 13, 1978, which reversed a motor vehicle license suspension order issued by the department and reinstated the operating privileges of Dominic Petrelli (Petrelli).

On September 8, 1976, the department notified Petrelli that his driver's license was to be suspended because he refused to undergo a breathalyzer test as required by Section 624.1(a) of the Vehicle Code.[1] Petrelli did not appeal the department's action to the Allegheny County Court of Common Pleas until July 21, 1978. That court, by order issued November 13, 1978, sustained Petrelli's appeal.

However, in its opinion of January 31, 1979, the court below repudiated its jurisdiction to hear Petrelli's appeal which was filed outside the thirty-day requirement of Section 620 of the Code[2] and cases inter-

---

[1] Act of April 29, 1959, P.L. 58, *as amended*, added by Section 1 of the Act of July 28, 1961, P.L. 918, *as amended, formerly* 75 P.S. §624.1(a), repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found in the Vehicle Code, 75 Pa. C.S. §1547.

[2] Act of April 29, 1959, P.L. 58, *formerly* 75 P.S. §620, repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found in the Vehicle Code, 75 Pa. C.S. §1550.

preting that section. *Department of Transportation v. Ehret,* 46 Pa. Commonwealth Ct. 131, 405 A.2d 1355 (1979). We agree. Petrelli's appeal was late, and the lower court acted without power in sustaining it. *Department of Transportation v. Royster,* 31 Pa. Commonwealth Ct. 647, 377 A.2d 1038 (1977).

Petrelli argues that the jurisdiction question is moot because the department issued a letter purporting to "restore" his operator's privileges, under date of August 11, 1978. We disagree. The suspension notice of September 8, 1976 stated that Petrelli's operator's license suspension was to begin October 12, 1976 (upon the surrender of his license to the department). However, Petrelli never surrendered his license. Under 75 Pa. C.S. §1541 (a section which took effect June 17, 1976[3]) Petrelli's failure to surrender his license to the department has precluded the running of the six-month suspension period imposed by former Section 624.1 of the Vehicle Code. Moreover, 75 Pa. C.S. §1541 renders Petrelli ineligible for restoration of his operating privileges until the expiration of the suspension period. Consequently, we hold that the department's action of August 11, 1978, purporting to restore Petrelli's operating privileges, was ineffective because it was contrary to law; where a license has not yet been actually suspended, it cannot be restored.

Accordingly, we reverse the decision of the lower court and reinstate the department's suspension of Dominic Petrelli's operating privileges, such suspension to be effective on the thirtieth day after our order becomes final.

## ORDER

AND Now, this 2nd day of April, 1980, the order of the Court of Common Pleas of Allegheny County at No. 1978-840, dated November 13, 1978, sustaining the

---

[3] The statute as a whole did not go into effect until July 1, 1977.

appeal of Dominic Petrelli, is hereby reversed, and his appeal from the suspension of his motor vehicle operating privileges accordingly dismissed.

The six-month suspension shall take effect, pursuant to law, as of the thirtieth day after this order becomes final.

President Judge Bowman did not participate in the decision in this case.