Samuel L. McGhee, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs March 14, 1984, to Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*Dwight L. Koerber, Jr.,* for appellant.

*Michael J. McCaney, Jr.,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BLATT, September 25, 1984:

Samuel McGhee (appellant) appeals here from an order of the Court of Common Pleas of Centre County which affirmed the decision of the Pennsylvania Department of Transportation (DOT) suspending his operating privileges for 120 days as a "second time" offender pursuant to Section 1539(b) of the Vehicle Code, 75 Pa. C. S. §1539(b).

The appellant's operator's license had previously been suspended pursuant to 75 Pa. C. S. §1539 after he accumulated a total of eleven points. Following this first suspension, three points were in turn deducted from his point total. In November of 1979, however, he relinquished his Pennsylvania license after moving to West Virginia and obtaining a valid license there. Subsequently, he was convicted for speeding in Pennsylvania on March 8, 1981 and, as a result, DOT added three additional points to his record, bringing his total to eleven for the second time. Pursuant to 75 Pa. C. S. §1539(b), therefore, DOT suspended his operating privileges for a period of 120 days. He appealed this suspension to the common

pleas court, maintaining that DOT lacked the authority to apply the point system to a non-resident driver holding a valid out-of-state driver's license. The trial court affirmed DOT's determination and the present appeal ensued.

The only issue before us is whether or not the Vehicle Code, 75 Pa. C. S. §§101-9909 authorizes the application of the point system against a non-resident driver who had accumulated eleven points while previously licensed here but who had relinquished his Pennsylvania license and had moved to another state where he is now licensed. And, of course, this Court's scope of review includes all questions of law.

Section 1535(a) of the Vehicle Code, 75 Pa. C. S. §1535(a) provides, in part, that:

A point system for driver education and control is hereby established *which is related to other provisions for use, suspension and revocation of the operating privilege* as specified under this title. Every driver licensed in this Commonwealth who is convicted of any of the following offenses shall be assessed points as of the date of violation. . . . (Emphasis added.)

The appellant would have us limit the assessment of points to drivers currently licensed in this Commonwealth. Section 1546(a) of the Vehicle Code, 75 Pa. C. S. §1546(a) empowers DOT to suspend or to revoke the "privilege of driving a motor vehicle on the highways of the Commonwealth given to a non-resident . . . *in like manner and for like cause* as a resident's operating privilege." *Id.* While a non-resident is exempt from the licensing requirements of the Vehicle Code under 75 Pa. C. S. §1502(3), we believe that, when Sections 1535(a) and 1546(a) are read in pari materia, it is clear that a non-resident is exempt from neither the assessment of penalty points nor any consequent

suspension of his operating privileges if he abuses such privileges while driving in Pennsylvania. And, inasmuch as Section 1922(2) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(2) requires us to give effect to the entire statute where possible, we will accordingly affirm the decision of the trial court.

ORDER

AND Now, this 25th day of September, 1984, we hereby affirm the decision of the Common Pleas Court of Centre County in the above-captioned matter.

Judge WILLIAMS, JR. dissents.