## Commonwealth v. Taylor

M. L. Ebert, Jr., first assistant district attorney, for the Commonwealth.

Theodore B. Smith, III, for defendant.

BAYLEY, J., February 17, 1986—As the result of an incident on August 24, 1985, defendant was charged with a count of driving under the influence, a second offense, under §3731 of the Vehicle Code, and a count under §1543(b) of the Vehicle Code, which provides:

"§1543. Driving while operating privilege is suspended or revoked

(b) Certain offenses.—Any person who drives a motor vehicle on any highway or traffic way of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of

$1,000 and to undergo imprisonment for a period of not less than 90 days."

Defendant pleaded guilty to the misdemeanor count charging him with driving under the influence and went to trial on the summary charge under §1543(b). Because of the legal issues he raised in his defense, he waived his right to have the verdict announced in open court or within a particular time period, and agreed that it could be handed down outside of his presence. The facts, which are not in dispute, are as follows.

On August 24, 1985, defendant was stopped at approximately 1:10 a.m. on Interstate 83 in Lemoyne, Cumberland County, by Trooper Barry A. Tienter of the Pennsylvania State Police. He did not have a driver's license in his possession and identified himself as Lawrence Taylor, Jr., of Drexel Hills Boulevard, New Cumberland, Pa. He told the officer that his date of birth was June 22, 1963. Three days later defendant came to the Pennsylvania State Police Barracks and admitted to Trooper Tienter that he had provided him a false identification at the time he was stopped. He admitted that his name was really Leslie Howard Taylor, Jr., and that the home he lived in on Drexel Hills Boulevard in New Cumberland was that of his parents. He told the trooper that he had lied to him because he had no driver's license as a result of his being under suspension. The trooper then ran a license check using defendant's correct name and determined that his operating privileges had been suspended for 30 days effective August 20, 1985 at 12:01 a.m., as a result of his having completed an Accelerated Rehabilitative Disposition program in Centre County in May of 1985 for a first offense of driving under the influence.

The record in the present case shows that the Department of Transportation mailed defendant notice of the suspension of his operating privileges on July 16, 1985, effective on August 20, 1985 at 12:01 a.m. That official written notice contained a written warning advising defendant that if he was convicted for driving while his license was suspended, the penalty would be not less than 90 days imprisonment and a $1,000 fine and an additional revocation of his operating privileges.

Defendant testified that the identification he gave to the trooper when he was stopped on August 24, 1985, was that of his brother Lawrence, an identical twin. He stated that when he went through the ARD program in Centre County he was advised that his operating privileges would be suspended. At that time he had a valid Pennsylvania driver's license and was aware that it was due to expire on June 30, 1985. He testified that when he received the renewal notice for that license he did not renew it because he knew that he would be "suspended anyway." He admitted that he received the department's suspension notice which was mailed July 16, 1985, effective August 20, 1985, before he was stopped by Trooper Tienter on August 24, 1985. He further acknowledged the obvious; that he knew he should not have been driving during the 30-day period of his suspension.

Defendant now maintains that he cannot be convicted under §1543(b) of the Vehicle Code because the suspension of his operating privileges effective August 20, 1985, four days before he was stopped on August 24, 1985, could not begin until such time as he possessed a valid driver's license, something he did not possess subsequent to the expiration of his license to drive on June 30, 1985. He suggests

that the only summary offense upon which he could be charged and convicted is under § 1501(a) of the Vehicle Code which provides a penalty of a fine of $200 for a person who drives a motor vehicle without a valid driver's license. We are not enamoured with this position.

Defendant, noting that there is no case precisely on point, cites two cases in support of his position. The first is Commonwealth v. Fay, 320 Pa. Super. 399, 467 A.2d 384 (1983). In Fay, defendant's operating privilege had been suspended but that suspension had expired before he was stopped while driving. When the suspension period had expired, defendant was eligible to take appropriate steps to obtain his driver's license but drove without doing so, after which he was issued various citations for which he was convicted of driving under a suspended license. The Superior Court reversed these convictions because at the time defendant was driving, his privilege to operate had been restored. Accordingly, at most he could have been charged and convicted of driving without a license.

In the present case, not only did defendant not have a license when he was stopped while driving on August 24, 1985, his privilege to operate was suspended for 30 days starting four days earlier. If this offense had occurred beyond that 30-day period and defendant had not renewed his license by that time, his position would have merit. However, for the 30-day period commencing August 20, 1985, defendant's privilege to operate was suspended, which was something more than merely not having a valid driver's license. When he operated a vehicle following his admitted receipt of a notice that his privilege to operate was suspended, he subjected

himself to the mandatory penalties upon conviction under §1543(b) of the Vehicle Code.

Defendant's further reliance on Bureau of Traffic Safety v. Petrelli, 50 Pa. Commw. 303, 413 A.2d 749 (1980), is also misplaced. That case involves an analysis of a situation under §1541(a) of the Vehicle Code whereby a period of revocation or suspension of operating privileges commences on the date a driver's license is surrendered to the department or received by a court as provided for in §1540 of the Vehicle Code. The facts of the present case are distinguishable because defendant did not have a current operator's license to surrender when he received notice that a fixed 30-day period of suspension of operating privileges would begin on August 20, 1985. It is only a current operator's license that need be surrendered pursuant to a notice of suspension of privileges. In fact, the letter of July 16, 1985, which defendant received notifying him of the suspension of his privileges effective August 20, 1985, directed him ". . . [t]o return any *current* driver's license . . . in your possession no later than the effective date listed below . . . ." (Emphasis added.)

The department may suspend operating privileges of someone who does not have a valid driver's license. Section 1532(b)(2) of the Vehicle Code provides:

"(2) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense under the following provisions:

"Section 1501(a) (relating to drivers required to be licensed)."

Obviously, if a person's privilege to operate can be suspended after being convicted of a subsequent offense of driving without a license under §1501(a),

that person would have no license to surrender before the period of the suspension of privileges commenced. Likewise, if the department suspends the privileges of a person whose operator's license has expired, as in the present case, defendant has no current operator's license to surrender before the set period of the suspension of his privilege to operate commences.

An analogous situation was presented in McGhee v. Commonwealth, 85 Pa. Commw. 310, 481 A.2d 1237 (1984). The Commonwealth Court upheld the department of transportation's assignment of points and the suspension of the privilege to operate a motor vehicle in Pennsylvania of an out-of-state operator who had previously relinquished his Pennsylvania driver's license. The court stated:

"While a nonresident is exempt from the licensing requirements of the Vehicle Code under 75 Pa.C.S. §1502(3), we believe that, when Sections 1535(a) and 1546(a) are read in pari materia, it is clear that a nonresident is exempt from neither the assessment of penalty points nor any consequent suspension of his operating privileges if he abuses such privileges while driving in Pennsylvania. and, inasmuch as section 1922(2) of the Statutory Construction Act of 1972, 1 Pa.C.S. §1922(2) requires us to give effect to the entire statute where possible, we will accordingly affirm the decision of the trial court."

This analysis clearly shows that the department, in appropriate circumstances, can suspend a person's privilege to operate whether he has a license or not. If a person has a valid license he cannot lawfully drive during the period of suspension. If the person does not have a valid license he cannot lawfully drive during the period of suspension, and further cannot obtain another license during the peri-

od. The latter situation is exactly what occurred in the present case.

As a matter of public policy, the purpose of §1543(b) of the Vehicle Code, under which defendant is charged, is to provide a severe penalty for a prior DUI related offender if he drives during the period of the suspension of his operating privileges which flows from the DUI related offense. To hold that a defendant escapes that penalty because his license to drive coincidentally expired before the effective date of the fixed period of suspension of his privilege to operate, would create an absurd result which was never intended by the Legislature nor required by sound statutory construction. Accordingly, the following order is entered.

## ORDER OF COURT

And now, this February 17, 1986, the verdict of the court is that defendant is found guilty of a violation of section 1543(b) of the Vehicle Code.