### Swift v. PennDOT

528

*Steven D. Gladstone*, for petitioner.
*John V. Rovinsky*, for respondent.

O'BRIEN, *J.*, April 22, 1987—

## I. FINDINGS OF FACT

1. Margaret A. Swift is licensed to operate a motor vehicle by the state of Florida but does not hold a Pennsylvania driver's license.

2. While an employee of the Fernwood Resort in Monroe County, Pa., petitioner entered a plea of guilty and was convicted by a federal magistrate of driving under the influence of alcohol in the Delaware Water Gap National Recreation Area operated by the National Park Service of the United States Department of Interior.

3. The United States District Court for the Middle District of Pennsylvania, within which the aforesaid recreation area is located, certified the conviction of the petitioner to the Department of Transportation of the state of Florida and the commonwealth of Pennsylvania. Certification to the commonwealth of Pennsylvania was pursuant to an enforcement agreement entered into by the Department of Transportation of the commonwealth of Pennsylvania and the Delaware Water Gap National Recreation area operated by the National Park Service of the Department of Interior of the United States of America.

4. On February 4, 1987, the Department of Transportation of the commonwealth of Pennsylvania notified the petitioner at her address at the Fernwood Resort in Monroe County, Pa. that her driving privileges in the commonwealth of Pennsylvania were being suspended for a period of one year. Petitioner filed a timely appeal from the notice of suspension.

## II. DISCUSSION

Petitioner argues that since she is a licensed driver in the state of Florida, not Pennsylvania, and was convicted of a motor vehicle offense in an area of exclusive jurisdiction of the federal government, that she is not subject to suspension of her operating privileges by the commonwealth of Pennsylvania. However, petitioner's argument overlooks the following pertinent provision of the Motor Vehicle Code:

"Suspension or revocation of nonresident's operating privilege

(a) General rule.—The privilege of driving a motor vehicle on the highways of this commonwealth given to a nonresident shall be subject to suspension or revocation by the department in like manner and for like cause as a resident's operating privilege.

(b) Transmitting department action to state of residence.—When a nonresident's operating privilege is suspended or revoked, the department shall forward a certified copy of the record of such action to the motor vehicle administrator in the state wherein such person resides if there is a reciprocity agreement with the other state." (75 Pa.C.S. §1546)

In view of the foregoing provision, clearly the commonwealth of Pennsylvania has a right to suspend the operating privileges of a driver licensed in the state of Florida. This authority has been upheld

by the Commonwealth Court in the case of *McGhee v. Commonwealth,* 85 Pa. Commw. 310, 481 A.2d 1237 (1984).

Next, petitioner argues that the commonwealth did not have the authority to enter into the reciprocity agreement with the Delaware Water Gap National Recreation Area. However, the Motor Vehicle Code further provides:

"Enforcement agreements

The secretary may enter into agreements relating to enforcement of this title *including, but not limited to,* agreements to notify any state of violations incurred by residents of that state, to suspend or revoke the operating privilege of Pennsylvania licensed drivers who are convicted in another state of any offense essentially similar to those enumerated in Subchapter B of Chapter 37 (relating to serious traffic offenses) and to take measures to assure payment of fines or attendance at hearings by persons charged with these or other violations." 75 Pa.C.S. §6146 (emphasis supplied.)

"Suspension of reciprocity benefits

Agreements, arrangements or declarations made under authority of this subchapter may include provisions authorizing the department to suspend or cancel the exemptions, benefits or privileges granted to a person who violates any of the conditions or terms of such agreements, arrangements or declarations or who violates the laws or regulations of this commonwealth related to motor vehicles." 75 Pa.C.S. §6151

It is apparent from the foregoing provisions that the commonwealth had full authority to enter into the reciprocity agreement with the Delaware Water Gap National Recreation Area which was published in the Pennsylvania Bulletin on January 11, 1986 in Volume 16 No. 2.

## III. CONCLUSIONS OF LAW

1. The enforcement agreement between the commonwealth of Pennsylvania and the Delaware Water Gap National Recreation Area with respect to motor vehicle offenses is authorized by law enacted by the General Assembly of Pennsylvania.

2. The notification of suspension issued by the Department of Transportation to the petitioner on February 4, 1987 was in accordance with law.

## ORDER

And now, this April 22, 1987, the appeal of Margaret A. Swift from the notice of suspension of her operating privileges in the commonwealth of Pennsylvania for a period of one year is denied and the supersedeas heretofore entered is terminated.